

2003 DEC 22 P 2: 07

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
HARTFORD, CT.

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf
of her minor daughter, "A.N."

VS. : NO. 3:02CV780(CFD)

EAST HAVEN BOARD OF EDUCATION : DECEMBER 18, 2003

### PLAINTIFF'S SUBMISSION OF TRIAL MEMORANDUM

On November 24, 2003, the plaintiff submitted her portion of the Joint Trial Memorandum to defense counsel. Defense counsel has ignored it. Accordingly, the plaintiff submits it herewith as her Trial Memorandum.

THE PLAINTIFF

BY: /s/
JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
TELEPHONE: 203.562.9931
FAX: 203.776.9494
E-MAIL: jrw@johnrwilliams.com
Her Attorney

FILED

2003 DEC 22 P 2: 09

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, "A.N." | : |
| VS. | : NO. 3:02CV780(CFD) |
| EAST HAVEN BOARD OF EDUCATION | : NOVEMBER 24, 2003 |

## JOINT TRIAL MEMORANDUM

**(1)   TRIAL COUNSEL**

**For the Plaintiff**

John R. Williams
Norman A. Pattis
Timothy J. Mahoney
Christy H. Doyle
Elizabeth Brooks
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

**For the Defendant**

Hugh F. Keefe
Lynch, Traub, Keefe & Errante, PC
P. O. Box 1612
New Haven, CT 06596
203.787.0275
Fax: 203.782.0278
E-Mail: hkeefe@ltke.com

**(2)   JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 of the United States Code.

**(3)   JURY-NONJURY**

This is a jury case.

**(4)   NATURE OF CASE**

This is an action on behalf of a minor female public school student which alleges that the defendant, on the basis of the student's sex, denied her the benefits of, and/or subjected her to discrimination under, an education program or activity receiving Federal financial assistance, in violation of Title IX of the Educational Amendments of 1972, Sections 1681 through 1688 of Title 20 of the United States Code. The plaintiff alleges that she was raped by two older students and, after they were arrested and while they were being prosecuted for those crimes, the defendant failed to protect the plaintiff from them and from their friends.

**(5)   STIPULATIONS OF FACT AND LAW**

1. The plaintiff, "Jane Doe," is the mother and next friend of "A.N.", who is her daughter.

2. "A.N." was born in the summer of 1987. She resides with her mother

in the Town of East Haven, Connecticut, and at the time of the events in question was a freshman at East Haven High School.

3. The defendant East Haven Board of Education operates the public school system for the Town of East Haven. East Haven High School is a part of that school system. The defendant receives federal funds for the operation of its public school systems.

4. At the time of the events at issue in this case, Jonathan Toro, then aged 18, and Robert Demars, then aged 17, were seniors at East Haven High School.

5. At the time of the events at issue in this case, Jonathan Toro and Robert Demars had been arrested on charges of sexually assaulting "A.N." and were undergoing prosecution on those charges in the Superior Court.

6. Upon being released on bond, Toro and Demars were ordered by the Superior Court to have no contact with "A.N."

### (6) PLAINTIFF'S CONTENTIONS

1. On or about January 1, 2002, "A.N." was raped by Jonathan Toro and Robert Demars.

2. In March of 2003, Toro and Demars pled guilty to raping "A.N." and subsequently were sentenced for their crimes.

3. The fact that Toro and Demars had been charged with raping "A.N."

was widely publicized and was actually known to the defendant at the time of the events at issue in this case.

4. At the time of the events at issue in this case, the defendant knew that the Superior Court had ordered Toro and Demars to have no contact with "A.N."

5. Despite the facts described above, the defendant took no disciplinary action whatsoever against Toro and Demars.

6. Despite the facts described above, the defendant elected to permit Toro and Demars to continue openly attending classes and participating in extracurricular activities at East Haven High School.

7. Despite the facts described above, the defendant made no effort whatsoever to protect "A.N." from contact with Toro and Demars and their friends.

8. As a result, "A.N." was subjected to repeated contact with and threats and harassment by Toro, Demars and their friends, including physical contact and being publicly berated and called "slut" and "liar" inside the East Haven High School building.

9. Despite actual knowledge of all the above facts, the defendants continued to do nothing to protect "A.N." from such repeated sexual harassment and intimidation by her rapists and their friends.

10. Defendant permitted one or more teachers at East Haven High School to read to their classes newspaper articles concerning the rape of "A.N."

and to discuss such matters with their classes and, upon being asked by plaintiff Jane Doe to avoid such conduct responded through its designated officials that its teachers have "a First Amendment right" to engage in such conduct.

11. In the manner described above, the defendant, on the basis of the plaintiff's sex, excluded the plaintiff from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 - 1688 of Title 20 of the United States Code.

12. The conduct of the defendant described above was extreme and outrageous and was carried out with actual knowledge that it probably would cause "A.N." to suffer severe emotional distress and in reckless and/or malicious and wanton disregard of such consequence.

13. As a direct and proximate result of the acts and omissions of the defendant described above, "A.N." suffered severe emotional distress.

(7)    **DEFENDANT'S CONTENTIONS**


(8)    **LEGAL ISSUES**

1. Whether any acts and/or omissions of the defendant, singly or in conjunction, violated Title IX.

**(9) VOIR DIRE QUESTIONS**

**For the Plaintiff**

1. This is a lawsuit brought on behalf of a female student against the East Haven Board of Education. The plaintiff alleges that she was raped by two students at the school, who were arrested, prosecuted, and eventually pled guilty to that crime. She alleges that the school, being fully award of these facts, refused to protect her from harassment by the rapists and their friends after she had reported them to the police, and that she suffered severe emotional distress as a result. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that people who believe that they have been treated illegally or unfairly should not bring suit against those they believe to be responsible? If so, please explain.

4. Have you or has anyone close to you ever been the victim of sexual assault or sexual discrimination?

5. Do you know or have you read anything or heard anything about this case or any case similar to it?

6. Has anyone here or any close to you ever been employed by an attorney?

7. Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

8. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

9. Where are you employed?

10. If you are married, where is your spouse employed?

**For the Defendant**

## (10) LIST OF WITNESSES

1. "Jane Doe," the victim's mother, will testify concerning all allegations in the complaint.

2. "A.N.," the victim, will testify concerning all allegations in the complaint.

3. Maxine Wilensky, Assistant State's Attorney, will testify concerning her prosecution of the rapists, her communications with the defendant, and the victim's injuries related to the acts and omissions of the defendant.

4. Mary Newall, Rape Crisis Center, Yale-New Haven Hospital, will testify concerning the plaintiff's injuries resulting from the acts and omissions of the defendant.

5. Alicia Melillo, East Haven Public Schools, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

6. Elaine Mierzejewski, East Haven Public Schools, will testify concerning

the acts and omissions of the defendant and the plaintiff's injuries.

7. Gina Rao, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

8. Danielle Gaetano, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

9. Anthony N., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

10. Brendan L., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

11. Lisa Perrelli, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

(11) **EXHIBITS**

**For the Plaintiff**

1. Superior Court file in State v. Robert Demers, CR02-0003582-T.

2. Superior Court file in State v. Jonathan Toro, CR02-0003581-T.

3. Plea transcript in State v. Demers.

4. Plea transcript in State v. Toro.

5. Defendant's Discipline Policy for Grades 7 - 12.

6. Crisis Resource Team report dated 5/2/02

7. Yale-New Haven Hospital Discharge Instructions dated 5/2/02

    8. Letter from Wilensky to DeFelice dated 5/6/02.

    9. Motion to Modify Conditions of Bail dated 5/6/02

    10. Court order dated 5/9/02

    11. Letter from Wilensky to DeFelice dated 5/9/02

    12. Parent Conference report dated 5/10/02

**For the Defendant**

**(12) DEPOSITION TESTIMONY**

None anticipated.

**(13) REQUESTS FOR JURY INSTRUCTIONS**

**For the Plaintiff**

1. This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688. Title IX prohibits gender-based discrimination in a wide array of programs and activities undertaken by educational institutions. The statute's enforcement machinery includes an implied private right of action. Sexual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX. Such a violation is present when the victim's school experience is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe to compromise the educational experience. [Gebser v. Lago Vista Independend School District.,

524 U.S. 274, 283-84 (1998); Frazier v. Fairhaven School Committee, 276 F.3d 52, 65 (1st Cir. 2002); Brown v. Hot, Sexy & Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).]

    2. The plaintiff also alleges that the defendant recklessly or intentionally inflicted emotional distress upon her in violation of Connecticut law. Under Connecticut law, when a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress she has suffered. It is not necessary for there to be any physical injury in order for the plaintiff to recover. All that is necessary is that the conduct of the defendant have been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted. If you find these facts to have been proven, then the defendant should be found liable to the plaintiff for the reckless or intentional infliction of emotional distress under Connecticut state law. [Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Buckam v. People Express, Inc., 205 Conn. 166, 173 (1987); Murray v.

Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243 (1986).]

 3. If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or lost or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

 a) The physical harm to the plaintiff during and after the impairment or injury received;

 b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

 c) Economic losses;

 d) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. [Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

**For the Defendant**

(14) **ANTICIPATED EVIDENTIARY PROBLEMS**

None.

(15) **PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

(16) **TRIAL TIME**

Two to three days.

(17) **FURTHER PROCEEDINGS**

None.

(18) **ELECTION FOR TRIAL BY MAGISTRATE**

Plaintiff agrees.

THE PLAINTIFF

BY *[signature]*
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Her Attorney

THE DEFENDANT

BY_____
HUGH F. KEEFE (ct05106)
P. O. Box 1612
New Haven, CT 06596
203.787.0275
Fax: 203.782.0278
E-Mail: hkeefe@ltke.com
Its Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Hugh F. Keefe, Esq., 52 Trumbull Street, New Haven, CT 06596.

JOHN R. WILLIAMS