read to their classes newspaper articles concerning the rape of "A.N." and to discuss such matters with their classes and, upon being asked by plaintiff Jane Doe to avoid such conduct responded through its designated officials that its teachers have "a First Amendment right" to engage in such conduct.

11. In the manner described above, the defendant, on the basis of the plaintiff's sex, excluded the plaintiff from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 - 1688 of Title 20 of the United States Code.

12. The conduct of the defendant described above was extreme and outrageous and was carried out with actual knowledge that it probably would cause "A.N." to suffer severe emotional distress and in reckless and/or malicious and wanton disregard of such consequence.

13. As a direct and proximate result of the acts and omissions of the defendant described above, "A.N." suffered severe emotional distress.

## VIII. Defendant's Contentions

The Defendant, East Haven Board of Education, denies all of the Plaintiff's claims set forth in her complaint. The Defendant contends that it fulfilled its duty under Title IX and that the Plaintiff's claims fail to fall within the ambit of Title IX. Furthermore, the Defendant submits that the Plaintiff is not entitled to pursue claims outside Title IX – namely, their state law claims – because Title IX is their exclusive remedy. Finally, should the Plaintiff be entitled to pursue such claims, the Defendant denies intentionally or recklessly inflicting emotional distress on A.N.

## IX. Legal Issues

1. Whether any acts and/or omissions of the Defendant, singly or in conjunction, violated Title IX?

2. Is the Plaintiff's state law claim barred because Title IX is her exclusive remedy?

3. If the Plaintiff's state law claim is not barred, did the Defendant intentionally or recklessly inflict emotional distress on A.N.?

X.  **Voir Dire Questions**

    A.  **Plaintiffs' Proposed Voir Dire Questions**:

    1.  This is a lawsuit brought on behalf of a female student against the East Haven Board of Education. The plaintiff alleges that she was raped by two students at the school, who were arrested, prosecuted, and eventually pled guilty to that crime. She alleges that the school, being fully aware of these facts, refused to protect her from harassment by the rapists and their friends after she had reported them to the police, and that she suffered severe emotional distress as a result. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

    2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

    3.  Does anyone here feel for any reason that people who believe that they have been treated illegally or unfairly should not bring suit against those they believe to be responsible? If so, please explain.

    4.  Have you or has anyone close to you ever been the victim of sexual assault

or sexual discrimination?

5. Do you know or have you read anything or heard anything about this case or any case similar to it?

6. Has anyone here or any close to you ever been employed by an attorney?

7. Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

8. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

9. Where are you employed?

10. If you are married, where is your spouse employed?

B. **Defendant's Proposed Voir Dire Questions:**

The Defendant's proposed voir dire questions are attached.

XI. **Proposed Jury Instructions**

A. **Plaintiff's Proposed Jury Instructions**

1. This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688. Title IX prohibits gender-based

11
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

discrimination in a wide array of programs and activities undertaken by educational institutions. The statute's enforcement machinery includes an implied private right of action. Sexual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX. Such a violation is present when the victim's school experience is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe to compromise the educational experience. [Gebser v. Lago Vista Independent School District., 524 U.S. 274, 283-84 (1998); Frazier v. Fairhaven School Committee, 276 F.3d 52, 65 (1st Cir. 2002); Brown v. Hot, Sexy & Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).]

    2.    The plaintiff also alleges that the defendant recklessly or intentionally inflicted emotional distress upon her in violation of Connecticut law. Under Connecticut law, when a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress

12
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

she has suffered. It is not necessary for there to be any physical injury in order for the plaintiff to recover. All that is necessary is that the conduct of the defendant have been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted. If you find these facts to have been proven, then the defendant should be found liable to the plaintiff for the reckless or intentional infliction of emotional distress under Connecticut state law. [Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Buckam v. People Express, Inc., 205 Conn. 166, 173 (1987); Murray v. Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243 (1986).]

3.     If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or lost or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal

13
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (Final) 11-03.doc

humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

    a) The physical harm to the plaintiff during and after the impairment or injury received;

    b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

    c) Economic losses;

    d) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. [Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer,

14
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

B. **Defendant's Proposed Jury Instructions**

The Defendant's proposed jury instructions are attached.

XII. **List of Witnesses**

A. **Plaintiffs' Proposed Witnesses**

1. "Jane Doe," the victim's mother, will testify concerning all allegations in the complaint.

2. "A.N.," the victim, will testify concerning all allegations in the complaint.

3. Maxine Wilensky, Assistant State's Attorney, will testify concerning her prosecution of the rapists, her communications with the defendant, and the victim's injuries related to the acts and omissions of the defendant.

4. Mary Newall, Rape Crisis Center, Yale-New Haven Hospital, will testify concerning the plaintiff's injuries resulting from the acts and omissions of the defendant.

5. Alicia Melillo, East Haven Public Schools, will testify concerning the acts

15
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

and omissions of the defendant and the plaintiff's injuries.

6. Elaine Mierzejewski, East Haven Public Schools, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

7. Gina Rao, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

8. Danielle Gaetano, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

9. Anthony N., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

10. Brendan L., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

11. Lisa Perrelli, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

B. **Defendant's Proposed Witnesses**

1. <u>A.N.</u>, Plaintiff's daughter. A.N. is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 4 hours.

16
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

2. <u>Jane Doe</u>, Plaintiff. Jane Does is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 2 hours.

3. <u>Anthony N.</u>, Plaintiff's son. Mr. N is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1.5 hours.

4. <u>Miss Baker</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Ms. Baker is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

5. <u>Alicia Melillo</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Melillo is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1.5 hours.

6. <u>Dr. John Smith</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Dr. Smith is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1 hour.

7. <u>Elaine Mierzejewski</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Mierzejewski is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

testimony: 30 minutes.

8. <u>Officer Michael D'Amato</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer D'Amato is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1 hour.

9. <u>Officer Robert Floodquist</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer Floodquist is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

10. <u>Jeanne Willinsky</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Willinsky is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

11. <u>Mr. Serio</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Serio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

12. <u>Mr. Proto</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Proto is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

13. <u>John Albis</u>, East Haven High School, 35 Wheelbarrow Lane, East

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

Haven, CT 06513. Mr. Albis is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

14. <u>Mrs. Sacks</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Sacks is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

15. <u>Elizabeth Mazzu</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Ms. Mazzu is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

16. <u>Mr. Manciaro</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Manciaro is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

17. <u>Mr. Flanagan</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Flanagan is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

18. <u>Martin DeFelice</u>, East Haven Board of Education, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. DeFelice is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of

testimony: 45 minutes.

XIII. <u>List of Exhibits</u>

    A.    <u>Plaintiffs' Proposed List of Exhibits</u>

    1.    Superior Court file in <u>State v. Robert Demers</u>, CR02-0003582-T.

**Objection:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

    2.    Superior Court file in <u>State v. Jonathan Toro</u>, CR02-0003581-T.

**Objection:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

    3.    Plea transcript in <u>State v. Demers</u>.

**Objection:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

    4.    Plea transcript in <u>State v. Toro</u>.

**Objection:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

    5.    Defendant's Discipline Policy for Grades 7 - 12.

20
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

    6.     Crisis Resource Team report dated 5/2/02.

    7.     Yale-New Haven Hospital Discharge Instructions dated 5/2/02.

    8.     Letter from Wilensky to DeFelice dated 5/6/02.

    9.     Motion to Modify Conditions of Bail dated 5/6/02.

**Objection:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

    10.     Court order dated 5/9/02.

    11.     Letter from Wilensky to DeFelice dated 5/9/02.

    12.     Parent Conference report dated 5/10/02.

**B.**     **Defendant's Proposed List of Exhibits**

    1.     Handwritten statements of A.N.

    2.     Court Order regarding Robert Demars dated May 8, 2002.

    3.     Letter from Maxine V. Wilensky to Martin DeFelice dated May 9, 2002.

    4.     Court Order regarding Jonathan Toro dated May 9, 2002.

    5.     East Haven Public Schools Parent Conference Report dated May 10, 2002.

    6.     Crisis Resource Team Report dated May 2, 2002.

21
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

    7.      Alicia Melillo's Student Contact Notes from Nov. 1, 2001 through May 16, 2002.

    8.      March 26, 2002 note from Alicia Melillo regarding A.N.

    9.      March 27, 2002 note from Alicia Melillo regarding A.N.

    10.    Plaintiffs' responses to Defendant's Interrogatories and Requests for Production dated March 27, 2003.

    11.    New Haven Register article dated April 12, 2002 titled "Pair charged in rape of classmate."

    12.    New Haven Register article dated April 13, 2002 titled "No school discipline for accused students."

    13.    New Haven Register article dated May 1, 2003 titled "Two East Haven teens plead no contest in alleged rape."

    14.    New Haven Register article dated June 18, 2003 titled "Suspended sentences for pair accused of raping 14-year-old."

## XIV. Deposition Testimony

The Defendant does not expect any witnesses to testify by way of deposition.

## XV. Anticipated Evidentiary Problems

The parties do not anticipate any evidentiary problems.

XVI.  **Trial Time**

The parties estimate that the trial will require one week, inclusive of jury deliberations.

XVII.  **Further Proceedings**

The Defendant intends to move to dismiss the Plaintiff's state law claim as it is barred because Title IX is the Plaintiff's exclusive remedy. Also, please note that the Plaintiff's punitive damages claim has been dropped by the Plaintiff and is no longer a part of this case.

XVIII. **Election for Trial by Magistrate**

The Plaintiff agrees to have the case tried by a United States Magistrate. However, the Defendant does not agree.

XX.  **Statement in Lieu of Opening Statement**

A.  **Plaintiffs**

The Plaintiff hereby requests an opportunity to present an opening statement to the jury.

B.  **Defendant**

The Defendant hereby requests an opportunity to present an opening statement



to the jury. Notwithstanding, pursuant to this Court's rules and with the intent for the following not to be considered a waiver of said request, the Defendant submits the following in lieu of an opening statement.

The Defendant, East Haven Board of Education, denies all of the Plaintiff's claims set forth in her complaint. The Defendant contends that it fulfilled its duty under Title IX and that the Plaintiff's claims fail to fall within the ambit of Title IX. Furthermore, the Defendant submits that the Plaintiff is not entitled to pursue claims outside Title IX – namely, their state law claims – because Title IX is their exclusive remedy. Finally, should the Plaintiff be entitled to pursue such claims, the Defendant denies intentionally or recklessly inflicting emotional distress on A.N.

## XXI:   Verdict Form

The Defendant's and Plaintiff's proposed jury verdict forms are attached.

THE PLAINTIFF

BY: _____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Her Attorney


THE DEFENDANT,
EAST HAVEN BOARD OF EDUCATION

BY: _____
Hugh F. Keefe, Esq.
52 Trumbull Street
New Haven, CT 06596
(203) 787-0275
Fax: (203) 782-0278
Federal Bar No. ct05106