FILED

2003 NOV 24 P 3b

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, "A.N." | : | |
| | : | NO. 3:02 CV 00780 (CFD) |
| V. | : | |
| EAST HAVEN BOARD OF EDUCATION | : | NOVEMBER 24, 2003 |

## JOINT TRIAL MEMORANDUM

The Defendant, East Haven Board of Education, hereby submits the following trial memorandum in connection with the above-referenced matter.

### I.      Trial counsel

For the Plaintiff:          John R. Williams
                                    Federal Bar. No. ct00215
                                    Norman A. Pattis
                                    Timothy J. Mahoney
                                    Christy H. Doyle
                                    Elizabeth Brooks
                                    Williams & Pattis, LLC
                                    51 Elm Street
                                    New Haven, CT 06510
                                    Phone:  (203) 562-9931
                                    Fax:  (203) 776-9494
                                    E-mail: jrw@johnrwilliams.com

1

For the Defendant:    Hugh F. Keefe
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612
Phone: (203) 787-0275
Fax: (203) 782-0278
Federal Bar. No. ct05106
E-Mail: hkeefe@ltke.com

## II.    Jurisdiction

The Plaintiff claims jurisdiction of this Court pursuant to Title 28 U.S.C. §§1331 (federal question jurisdiction), 1343(3) (deprivation of civil rights) and 1367(a) (supplemental jurisdiction).

## III.    Jury/Non-Jury

This case is claimed to a jury.

## IV.    Nature of Case

This is an action on behalf of a minor female public school student which alleges that the Defendant, on the basis of the student's sex, denied her the benefits of, and/or subjected her to discrimination under, an education program or activity receiving Federal financial assistance, in violation of Title IX of the Educational Amendments of 1972, Sections 1681 through 1688 of Title 20 of the United States Code. The Plaintiff

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

alleges that A.N. was raped by two older students and, after they were arrested and while they were being prosecuted for those crimes, the Defendant failed to protect A.N. from them and from their friends. The Defendant denies each of the Plaintiff's claims.

## V.    Proposed Stipulations of Fact

1.    The Plaintiff, "Jane Doe," is the mother and next friend of "A.N."

2.    "A.N." was born in the summer of 1987. She resides with her mother in the Town of East Haven, Connecticut, and at the time of the events in question was a freshman at East Haven High School.

3.    At all times relevant to this action, the Defendant East Haven Board of Education operates the public school system for the Town of East Haven.

4.    At all times relevant to this action, East Haven High School is a part of the Defendant East Haven Board of Education's school system.

5.    At all times relevant to this action, the Defendant East Haven Board of Education receives federal funds for the operation of its public school systems.

6.    At all times relevant to this action, the Plaintiff "A.N." was a student at East Haven High School.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.    ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

7.    At the time of the events at issue in this case, Jonathan Toro and Robert

Demars were seniors at East Haven High School.

8.    At the time of the events at issue in this case, Jonathan Toro and Robert

Demars had been arrested on charges of sexually assaulting "A.N." and were

undergoing prosecution on those charges in the Superior Court.

9.    On May 8, 2002 and May 9, 2002, Demars and Toro, respectively, were

ordered by the Superior Court to not initiate contact with "A.N."

10.    On March 4, 2003, Jonathan Toro, pled guilty to Sexual Assault in the

Third Degree and Risk of Injury to a Minor stemming from an incident with A.N.

11.    On March 7, 2003, Robert Demars, pled no contest to Sexual Assault in the

Third Degree and Risk of Injury to a Minor stemming from an incident with A.N.

## VI.    Proposed Stipulations of Law

1.    Federal law provides that Title IX has an implied private right of action in

which monetary damages and equitable relief are available.

2.    A recipient of federal funding is liable under Title IX where the recipient is

deliberately indifferent to acts of student-on-student sexual harassment, of which the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

recipient has actual knowledge, that is so severe, pervasive and objectively offensive that it can be said to deprive the victim(s) of access to the educational opportunities or benefits provided by the school, and the harasser(s) is under the school's disciplinary authority.

3. A federal funding recipient is deemed "deliberately indifferent" to acts of student-on-student sexual harassment where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.

4. A federal funding recipient is deemed to have actual knowledge of the sexual harassment when notice of the harassment is given to or witnessed by an official who exercises substantial control over the alleged harasser(s), exercises substantial control over the environment in which the harassment occurs and has authority to institute corrective measures on behalf of the federal funding recipient.

5. For Title IX liability to lie against a federal funding recipient, the harassment must be based on the victim's sex.

6. Connecticut law provides that a plaintiff must prove all of the following elements to maintain an intentional infliction of emotional distress claim: (1) that the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

defendant intended to inflict emotional distress or knew or should have know that emotional distress was a likely result of its conduct; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and, (4) that the plaintiff's emotional distress was severe.

7.      Conduct is considered "extreme and outrageous" when it exceeds all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.

## VII.    Plaintiff's Contentions

1.      On or about January 1, 2002, "A.N." was raped by Jonathan Toro and Robert Demars.

2.      In March of 2003, Toro and Demars pled guilty to raping "A.N." and subsequently were sentenced for their crimes.

3.      The fact that Toro and Demars had been charged with raping "A.N." was widely publicized and was actually known to the defendant at the time of the events at issue in this case.

4.      At the time of the events at issue in this case, the defendant knew that the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

Superior Court had ordered Toro and Demars to have no contact with "A.N."

5.     Despite the facts described above, the defendant took no disciplinary action whatsoever against Toro and Demars.

6.     Despite the facts described above, the defendant elected to permit Toro and Demars to continue openly attending classes and participating in extracurricular activities at East Haven High School.

7.     Despite the facts described above, the defendant made no effort whatsoever to protect "A.N." from contact with Toro and Demars and their friends.

8.     As a result, "A.N." was subjected to repeated contact with and threats and harassment by Toro, Demars and their friends, including physical contact and being publicly berated and called "slut" and "liar" inside the East Haven High School building.

9.     Despite actual knowledge of all the above facts, the defendants continued to do nothing to protect "A.N." from such repeated sexual harassment and intimidation by her rapists and their friends.

10.    Defendant permitted one or more teachers at East Haven High School to

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

read to their classes newspaper articles concerning the rape of "A.N." and to discuss such matters with their classes and, upon being asked by plaintiff Jane Doe to avoid such conduct responded through its designated officials that its teachers have "a First Amendment right" to engage in such conduct.

11.    In the manner described above, the defendant, on the basis of the plaintiff's sex, excluded the plaintiff from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 - 1688 of Title 20 of the United States Code.

12.    The conduct of the defendant described above was extreme and outrageous and was carried out with actual knowledge that it probably would cause "A.N." to suffer severe emotional distress and in reckless and/or malicious and wanton disregard of such consequence.

13.    As a direct and proximate result of the acts and omissions of the defendant described above, "A.N." suffered severe emotional distress.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

## VIII.  Defendant's Contentions

The Defendant, East Haven Board of Education, denies all of the Plaintiff's claims set forth in her complaint.  The Defendant contends that it fulfilled its duty under Title IX and that the Plaintiff's claims fail to fall within the ambit of Title IX.  Furthermore, the Defendant submits that the Plaintiff is not entitled to pursue claims outside Title IX – namely, their state law claims – because Title IX is their exclusive remedy.  Finally, should the Plaintiff be entitled to pursue such claims, the Defendant denies intentionally or recklessly inflicting emotional distress on A.N.

## IX.    Legal Issues

1.      Whether any acts and/or omissions of the Defendant, singly or in conjunction, violated Title IX?

2.      Is the Plaintiff's state law claim barred because Title IX is her exclusive remedy?

3.      If the Plaintiff's state law claim is not barred, did the Defendant intentionally or recklessly inflict emotional distress on A.N.?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

## X.    Voir Dire Questions

### A.    Plaintiffs' Proposed Voir Dire Questions:

1.    This is a lawsuit brought on behalf of a female student against the East Haven Board of Education. The plaintiff alleges that she was raped by two students at the school, who were arrested, prosecuted, and eventually pled guilty to that crime. She alleges that the school, being fully aware of these facts, refused to protect her from harassment by the rapists and their friends after she had reported them to the police, and that she suffered severe emotional distress as a result. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.    Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.    Does anyone here feel for any reason that people who believe that they have been treated illegally or unfairly should not bring suit against those they believe to be responsible? If so, please explain.

4.    Have you or has anyone close to you ever been the victim of sexual assault

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

or sexual discrimination?

5.　　Do you know or have you read anything or heard anything about this case or any case similar to it?

6.　　Has anyone here or any close to you ever been employed by an attorney?

7.　　Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

8.　　Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

9.　　Where are you employed?

10.　　If you are married, where is your spouse employed?

**B.**　　**Defendant's Proposed Voir Dire Questions:**

The Defendant's proposed voir dire questions are attached.

**XI.**　　**Proposed Jury Instructions**

**A.**　　**Plaintiff's Proposed Jury Instructions**

1.　　This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688. Title IX prohibits gender-based

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.　ATTORNEYS AT LAW

52 TRUMBULL STREET　P.O. BOX 1612　NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275　FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

discrimination in a wide array of programs and activities undertaken by educational institutions. The statute's enforcement machinery includes an implied private right of action. Sexual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX. Such a violation is present when the victim's school experience is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe to compromise the educational experience. [Gebser v. Lago Vista Independent School District., 524 U.S. 274, 283-84 (1998); Frazier v. Fairhaven School Committee, 276 F.3d 52, 65 (1st Cir. 2002); Brown v. Hot, Sexy & Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).]

2.      The plaintiff also alleges that the defendant recklessly or intentionally inflicted emotional distress upon her in violation of Connecticut law. Under Connecticut law, when a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

she has suffered.  It is not necessary for there to be any physical injury in order for the

plaintiff to recover.  All that is necessary is that the conduct of the defendant have been

outrageous, that it have been undertaken under such circumstances that a reasonable

person would have known that it was likely to cause emotional distress, and that severe

emotional distress actually has resulted.  If you find these facts to have been proven,

then the defendant should be found liable to the plaintiff for the reckless or intentional

infliction of emotional distress under Connecticut state law.  [Appleton v. Board of

Education, 254 Conn. 205, 757 A.2d 1059 (2000); Buckam v. People Express, Inc., 205

Conn. 166, 173 (1987); Murray v. Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super.

1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243

(1986).]

     3.     If you find that the defendant is liable to the plaintiff on any of the

grounds advanced in this lawsuit, you should then consider the question of damages.

Compensatory damages are designed to compensate the plaintiff for injuries suffered

by the plaintiff.  These injuries include money actually spent or lost or debts incurred as

a result of the injury, as well as emotional anguish, impairment of reputation, personal

13

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

a) The physical harm to the plaintiff during and after the impairment or injury received;

b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c) Economic losses;

d) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. [Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

**B.    Defendant's Proposed Jury Instructions**

The Defendant's proposed jury instructions are attached.

## XII.    List of Witnesses

**A.    Plaintiffs' Proposed Witnesses**

1.     "Jane Doe," the victim's mother, will testify concerning all allegations in the complaint.

2.     "A.N.," the victim, will testify concerning all allegations in the complaint.

3.     Maxine Wilensky, Assistant State's Attorney, will testify concerning her prosecution of the rapists, her communications with the defendant, and the victim's injuries related to the acts and omissions of the defendant.

4.     Mary Newall, Rape Crisis Center, Yale-New Haven Hospital, will testify concerning the plaintiff's injuries resulting from the acts and omissions of the defendant.

5.     Alicia Melillo, East Haven Public Schools, will testify concerning the acts

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

and omissions of the defendant and the plaintiff's injuries.

6.      Elaine Mierzejewski, East Haven Public Schools, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

7.      Gina Rao, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

8.      Danielle Gaetano, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

9.      Anthony N., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

10.     Brendan L., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

11.     Lisa Perrelli, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

**B.      Defendant's Proposed Witnesses**

1.      <u>A.N.</u>, Plaintiff's daughter.  A.N. is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 4 hours.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

2.   Jane Doe, Plaintiff. Jane Does is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 2 hours.

3.   Anthony N., Plaintiff's son. Mr. N is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1.5 hours.

4.   Miss Baker, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Ms. Baker is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

5.   Alicia Melillo, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Melillo is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1.5 hours.

6.   Dr. John Smith, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Dr. Smith is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1 hour.

7.   Elaine Mierzejewski, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Mierzejewski is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

testimony: 30 minutes.

8. <u>Officer Michael D'Amato</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer D'Amato is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1 hour.

9. <u>Officer Robert Floodquist</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer Floodquist is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

10. <u>Jeanne Willinsky</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Willinsky is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

11. <u>Mr. Serio</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Serio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

12. <u>Mr. Proto</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Proto is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

13. <u>John Albis</u>, East Haven High School, 35 Wheelbarrow Lane, East

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

Haven, CT 06513.   Mr. Albis is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

14.  <u>Mrs. Sacks</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Sacks is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

15.  <u>Elizabeth Mazzu</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Ms. Mazzu is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

16.  <u>Mr. Manciaro</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Manciaro is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

17.  <u>Mr. Flanagan</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513.  Mr. Flanagan is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

18.  <u>Martin DeFelice</u>, East Haven Board of Education, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. DeFelice is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC