testimony: 45 minutes.

## XIII.  List of Exhibits

### A.  Plaintiffs' Proposed List of Exhibits

1.      Superior Court file in <u>State v. Robert Demers</u>, CR02-0003582-T.

**Objection:**  The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

2.      Superior Court file in <u>State v. Jonathan Toro</u>, CR02-0003581-T.

**Objection:**  The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

3.      Plea transcript in <u>State v. Demers</u>.

**Objection:**  The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

4.      Plea transcript in <u>State v. Toro</u>.

**Objection:**  The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

5.      Defendant's Discipline Policy for Grades 7 - 12.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

6.      Crisis Resource Team report dated 5/2/02.

7.      Yale-New Haven Hospital Discharge Instructions dated 5/2/02.

8.      Letter from Wilensky to DeFelice dated 5/6/02.

9.      Motion to Modify Conditions of Bail dated 5/6/02.

**Objection:**  The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

10.     Court order dated 5/9/02.

11.     Letter from Wilensky to DeFelice dated 5/9/02.

12.     Parent Conference report dated 5/10/02.

**B.      Defendant's Proposed List of Exhibits**

1.      Handwritten statements of A.N.

2.      Court Order regarding Robert Demars dated May 8, 2002.

3.      Letter from Maxine V. Wilensky to Martin DeFelice dated May 9, 2002.

4.      Court Order regarding Jonathan Toro dated May 9, 2002.

5.      East Haven Public Schools Parent Conference Report dated May 10, 2002.

6.      Crisis Resource Team Report dated May 2, 2002.

21

7.    Alicia Melillo's Student Contact Notes from Nov. 1, 2001 through May 16, 2002.

8.    March 26, 2002 note from Alicia Melillo regarding A.N.

9.    March 27, 2002 note from Alicia Melillo regarding A.N.

10.   Plaintiffs' responses to Defendant's Interrogatories and Requests for Production dated March 27, 2003.

11.   New Haven Register article dated April 12, 2002 titled "Pair charged in rape of classmate."

12.   New Haven Register article dated April 13, 2002 titled "No school discipline for accused students."

13.   New Haven Register article dated May 1, 2003 titled "Two East Haven teens plead no contest in alleged rape."

14.   New Haven Register article dated June 18, 2003 titled "Suspended sentences for pair accused of raping 14-year-old."

## XIV. Deposition Testimony

The Defendant does not expect any witnesses to testify by way of deposition.

## XV. Anticipated Evidentiary Problems

The parties do not anticipate any evidentiary problems.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

## XVI.    Trial Time

The parties estimate that the trial will require one week, inclusive of jury deliberations.

## XVII. Further Proceedings

The Defendant intends to move to dismiss the Plaintiff's state law claim as it is barred because Title IX is the Plaintiff's exclusive remedy.  Also, please note that the Plaintiff's punitive damages claim has been dropped by the Plaintiff and is no longer a part of this case.

## XVIII. Election for Trial by Magistrate

The Plaintiff agrees to have the case tried by a United States Magistrate. However, the Defendant does not agree.

## XX.    Statement in Lieu of Opening Statement

### A.    Plaintiffs

The Plaintiff hereby requests an opportunity to present an opening statement to the jury.

### B.    Defendant

The Defendant hereby requests an opportunity to present an opening statement

23

to the jury.  Notwithstanding, pursuant to this Court's rules and with the intent for the following not to be considered a waiver of said request, the Defendant submits the following in lieu of an opening statement.

The Defendant, East Haven Board of Education, denies all of the Plaintiff's claims set forth in her complaint.  The Defendant contends that it fulfilled its duty under Title IX and that the Plaintiff's claims fail to fall within the ambit of Title IX.  Furthermore, the Defendant submits that the Plaintiff is not entitled to pursue claims outside Title IX – namely, their state law claims – because Title IX is their exclusive remedy.  Finally, should the Plaintiff be entitled to pursue such claims, the Defendant denies intentionally or recklessly inflicting emotional distress on A.N.

### XXI:  Verdict Form

The Defendant's and Plaintiff's proposed jury verdict forms are attached.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

THE PLAINTIFF

BY: _____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
Fax:  (203) 776-9494
E-Mail:  jrw@johnrwilliams.com
Her Attorney


THE DEFENDANT,
EAST HAVEN BOARD OF EDUCATION

BY: _____
Hugh F. Keefe, Esq.
52 Trumbull Street
New Haven, CT 06596
(203) 787-0275
Fax:  (203) 782-0278
Federal Bar No. ct05106

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf            :
of her minor daughter, "A.N."                :        NO. 3:02 CV 00780 (CFD)

V.                                            :

EAST HAVEN BOARD OF EDUCATION                :        NOVEMBER 24, 2003

### PROPOSED QUESTIONS FOR EXAMINATION OF JURORS

DEFENDANT'S PROPOSED VOIR DIRE

(Prior to commencement of jury selection, the Defendant may submit additional proposed questions and/or delete one or more of the following questions).

1.      Has anyone here, or any relative or friend of anyone here, filed any Complaint against any board of education, school, educational facility or school official for any reason?  If so, please explain.

2.      Has anyone here, or any relative or friend of anyone here, brought any lawsuit against any board of education, school, educational facility or school official for any reason?  If so, please explain.

3.      Has anyone here, or any relative or friend of anyone here, ever brought a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

lawsuit against a city or town for any reason? If so, please explain.

    4.    Has anyone here, or any relative or close friend of anyone here, ever had an unpleasant experience with any school official or member of any board of education or educational facility? If so, please explain.

    5.    Has anyone here ever sat on a jury in which there has been an allegation of sexual harassment of the plaintiff? If so, please explain.

    6.    Has anyone here ever sat on a jury in which there has been an allegation of wrongdoing on the part of an education institution? If so, please explain.

    7.    Has anyone here, or any relative or close friend of anyone here, ever been the victim of sexual harassment? If so, please explain.

    8.    Has anyone here, or any relative or close friend of anyone here, ever been accused of sexually harassing another person? If so, please explain.

    9.    Has anyone here, or any relative or close friend of anyone here, ever filed a complaint or brought a lawsuit based on an allegation of sexual harassment? If so, please explain.

    10.    Besides sitting on a jury involving an allegation of sexual harassment,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1012

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

have any of you sat on any other type of jury before?

    (a)    Was it civil or criminal?

    (b)    Did it go to a verdict?

    (c)    State what court it was in and when.

11.    In this lawsuit, the plaintiff must prove her case by a preponderance of the evidence and if she does not, you will be instructed to return a verdict in favor of the defendant.  Is there anyone here who cannot follow that instruction?

12.    Is any member of the panel familiar or know the plaintiff Jane Doe or A.N., the plaintiff's lawyer or the facts of this case?

13.    Have any of you ever studied law?  Where?  When?  Do any of you have any relatives or friends who are lawyers or who are presently studying law?

14.    Is there any reason why anyone cannot sit on this case and be completely fair and impartial and decide this case strictly on the basis of the evidence that comes into this courtroom and nothing else?

15.    Does anyone hear feel that A.N.'s report of a sexual assault will in any way invoke sympathy or similar feelings on your part which will make it difficult to

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

rule against her?

29

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, "A.N." | : : | NO. 3:02 CV 00780 (CFD) |
| V. | : | |
| EAST HAVEN BOARD OF EDUCATION | : | NOVEMBER 24, 2003 |

**DEFENDANT'S PROPOSED JURY CHARGES**

(The Defendant reserves the right to revise this proposed jury charge based on the evidence presented at trial).

This is a case in which jurisdiction rests in the federal court because the Plaintiff alleges that the Defendant violated her rights under federal law. This suit is brought under a section of federal law known as Title IX of the Educational Amendments, which provides, in pertinent part, as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...

Title 20 U.S.C. §1681. I may refer to this claim as a "Title IX claim." The Plaintiff has

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

also filed a state law claim known as an intentional infliction of emotional distress claim. I may refer to this claim as an "emotional distress claim." As I will explain later, if the Plaintiff does in fact prove one or both of these two claims, only then will you need to consider the issue of damages.

## TITLE IX CLAIM

In order to prove a Title IX claim, the Plaintiff must prove to you, by a preponderance of the evidence, the following eight elements:  One, that A.N. was a victim of student-on-student sexual harassment.  Two, that the Defendant had actual knowledge of A.N. being subjected to student-on-student sexual harassment.  Three, that the Defendant was deliberately indifferent to the sexual harassment.  Four, that the harassment was severe, pervasive and objectively offensive.  Five, that the harassment deprived A.N. of access to educational benefits or opportunities provided by the Defendant.  Six, that A.N. was a student in an educational program or activity receiving federal financial assistance.  Seven, that the harassment was based on A.N.'s sex. Lastly, the Plaintiff must prove that the Defendant had authority to address the harassment and to institute corrective measures.  <u>Davis v. Monroe County Board of</u>

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law

52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

Education, 526 U.S. 629, 644 – 651 (1999).

In regards to the first element, the Plaintiff must prove that A.N. was a victim of student-on-student sexual harassment.  Please note that teasing, punching and poking alone do not constitute "sexual harassment."  Manfredi v. Mount Vernon Board of Education, 94 F.Supp.2d 447, 450 (S.D.N.Y. 2000).

In regards to the second element, the Plaintiff must prove that the Defendant had actual knowledge of A.N. being subjected to student-on-student sexual harassment.  To show "actual knowledge" on behalf of the Defendant, the Plaintiff must prove that notice was given to or the harassment was witnessed by an official of the Defendant who at a minimum had authority to address the alleged discrimination and to institute corrective measures on the Defendant's behalf.  Gebser v. Lago Vista Independent School District, 524 U.S. 274, 290 (1998).

In regards to the third element, the Plaintiff must prove that the Defendant was deliberately indifferent to the sexual harassment.  To prove "deliberate indifference," the Plaintiff must prove by a preponderance of the evidence that the Defendant's response to known peer sexual harassment was clearly unreasonable. Davis, 526 U.S. at

Lynch, Traub, Keefe and Errante, P. C.  Attorneys at Law

52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

648-649.

However, this does **not** mean that the Defendant must purge its schools of all actionable peer harassment or that the Defendant's response ultimately must end all interaction between the harasser(s) and the plaintiff. Id. at 648. _See also_ <u>Gabrielle v. Park Forest-Chicago Heights</u>, 315 F.3d 817, 825 (7th Cir. 2003). It also does not mean that the Defendant's administrators must engage in particular disciplinary action. <u>Davis</u>, 526 U.S. at 648. In other words, the Defendant is not required to immediately suspend or expel a student accused of sexual harassment. <u>Id</u>. _See also_ <u>Gabrielle</u>, 315 F.3d at 825; <u>Cubie v. Bryan Career College, Inc.</u>, 244 F.Supp.2d 1191, 1202-1203 (D.Kansas 2003). In this regard, it is entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or statutory claims by the disciplined student. <u>Davis</u>, 526 U.S. at 649. _See also_ <u>Cubie</u>, 244 F.Supp.2d at 1203. In essence, so long as the Defendant's responsive strategy is one plausibly directed toward putting an end to the known harassment, the Defendant cannot be found to have been deliberately indifferent. <u>Doe v. University of Illinois</u>, 138 F.3d 653, 667-668 (7th Cir. 1998).

In regards to the fourth element, the Plaintiff must prove that the harassment

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

was severe, pervasive and objectively offensive. Please understand that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Davis, 526 U.S. at 651-652. However, the Defendant is not liable for failing to remedy simple acts of teasing and name-calling among school children even where these comments target differences in gender. Id. Liability lies only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims access to educational resources and opportunities. Id.

In regards to the fifth element, the Plaintiff must prove that the harassment deprived A.N. of access to educational benefits or opportunities provided by the Defendant. Essentially, the Plaintiff must prove that the harassment had a concrete, negative effect on A.N.'s education. Gabrielle v. Park Forest-Chicago Heights, 315 F.3d 817, 823 (7th Cir. 2003), citing Davis, 526 U.S. at 654. Examples of a negative impact on access to education may include dropping grades, becoming homebound or hospitalized due to harassment, or physical violence. Id.

In regards to the sixth element, the Plaintiff must prove that A.N. was a student

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

in an educational program or activity receiving federal financial assistance. This issue is not in dispute. The Defendant has stipulated that it is the recipient of federal financial assistance and that A.N. was a student in its public school system. Therefore, at this point, you need only to consider the other seven elements.

In regards to the eighth element, the Plaintiff must prove that the Defendant had authority to address the harassment and to institute corrective measures. Essentially, the Plaintiff must show that the Defendant exercised a degree of control over the harasser and the environment in which the harassment occurred. Davis, 526 U.S. at 644. See Gebser v. Lago Vista Independent School District, 524 U.S. 274, (1998)

In this case, the Plaintiff alleges that the Defendant, East Haven Board of Education, violated Title IX by being deliberately indifferent to the acts of student-on-student sexual harassment, of which it had actual knowledge, which ultimately deprived A.N. of access to educational opportunities or benefits provided by her school. Should you find that the Plaintiff has proven every single one of the eight elements just described, you must find that the Defendant violated Title IX. However, if you find that the Plaintiff has failed to prove even one of the eight elements just described, then you

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

must find in favor of the Defendant on the Title IX claim.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff has also asserted a state law claim of intentional infliction of emotional distress. Four elements must be established to prevail on this claim. <u>Petyan v. Ellis</u>, 200 Conn. 243 (1986). The Plaintiff is required to show :  (1) that the actor intended to inflict emotional distress or that he knew or should have known that such distress would result;  (2) that the conduct was extreme and outrageous;  (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. <u>Id</u>. at 253. Liability is found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Stepney v. Devereux Foundation</u>, 1995 WL 656816 (J.D. of Litchfield Oct. 31 1995)(attached)(quoting <u>Whelan v. Whelan</u>, 41 Conn. Supp. 519 522 91991). See also <u>Restatement (Second) Torts</u> § 46, comment d.

The plaintiff must show more than the intentional nature of the action. She sustains the additional burden of proving that the defendant intended the resulting

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law

52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

distress. <u>Whelan</u>, 41 Conn. Supp. at ---.   Whether the alleged actions rise to the level of extreme and outrageous conduct is a question for the court. <u>Mellaly v. Eastman Kodak Co.</u>, 42 Conn. Supp. 17, 20 (1991).   Only where reasonable minds can differ does it become an issue for the jury. <u>Id</u>.

Conduct is not extreme and outrageous for purposes of an emotional distress claim unless it transcends "all possible bounds of human decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." <u>Whelan</u>, 41 Conn. Supp. at 522.   The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.   The requirements of the rule are rigorous and difficult to satisfy.  Prosser and Keaton, <u>The Law of Torts</u>, 5th Ed., Section 12, p. 56.     *See* <u>Stepney</u>, 1995 WL 656816 (abusive language directed at employee by employer is insufficient to sustain a cause of action for intentional infliction of emotional distress).

### POLICE OFFICER TESTIMONY

There is testimony in this case given by law enforcement officers.   Their

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

testimony is entitled to no special sanctity or suspicion. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does. You should recall the officers' demeanor on the stand and manner of testifying, as well as the substance of the testimony. You must weigh and balance this just as carefully as you would the testimony of other witnesses.

## ORDER OF EVIDENCE

There are generally two parts to the way a trial is presented. First the Plaintiff presents her case, then the Defendant presents its case. However, it should not be of concern to you whether particular evidence comes in during the Plaintiff's case or during the Defendant's case. The evidence will be presented in the manner and sequence the Court and the attorneys deem necessary and appropriate. You must consider all the evidence that the Court determines is properly admitted and give it such weight as you deem appropriate.

You have to be concerned with competing interests, both of which are important. On the one hand, there is the interest of the Defendant Board of Education and the proper performance of its duties in protecting all of its students' rights. On the other

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

hand, there is the interest of the Plaintiff to enjoy her constitutional rights.

Now, I do not mean to suggest that the Plaintiff should win simply because A.N. may have been subject to sexual harassment by her fellow peers. Nor do I mean to suggest that the Defendant should win simply because it was acting on behalf of all its students. There are standards for you to apply and the law tries to accommodate the competing interests of the student and the board of education.

## DAMAGES

Now, if you have found that the Plaintiff has proven by a preponderance of the evidence that the Defendant violated Title IX and/or intentionally inflicted emotional distress on A.N., then you may at this point, and only at this point, consider what compensatory damages, if any, are due to the Plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should be awarded. That is a determination which is left entirely to the jury. I am instructing you on principles governing damage awards so that, in the event you do find the Defendant liable, you will know on what basis to consider any award of damages.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Joint Trial Memo (final) 11-03.doc

You may only award those damages which the Plaintiff has proven by a preponderance of the evidence to have actually been suffered, and which were proximately caused by the Defendant's conduct.  Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

Compensatory Damages:  Compensatory damages is a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct.  You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain, suffering or embarrassment which you find to have occurred. You may also, if you find it warranted, award the plaintiff only "nominal" damages of one dollar or more.  In fact, you may not award more than nominal damages unless the Plaintiff has demonstrated actual injury as I have defined it.  The law does not recognize an abstract or inherent monetary value for a constitutional right.  However, because even an award of nominal damages is a serious matter, you may not award such damages lightly.  Rather, you may award nominal damages only if the Plaintiff has proven her case of a violation of Title IX and/or of intentionally inflicting emotional distress on A.N.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

Memphis Community School District, et al. v. Stachura, 54 U.S.L.W. 4771 (June 25, 1986); Carey v. Piphus, 435 U.S. 247 (1978); McKenna v. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir. 1978); David v. Village Park II Realty Co., 578 F.2d 461 (2d Cir. 1978); Crawford v. Garnier, 719 F.2d 1317 (7th Cir. 1983).

### ATTORNEY'S FEES

Your decision on what damages to award, if any, should not be influenced by the attorney's fees to which counsel may be entitled. I instruct you that attorney's fees for services in this lawsuit are not a proper element of damages and may not be a part of your deliberations. Attorney's fees are a matter for the Court's consideration and may be awarded by the Court to counsel over and above damages awarded to a party. Such an award of attorney's fees is, however for the Court to determine. Instruction given by Honorable Jose A. Cabranes in Bodner v. Haedkel, Civil No. N-86-338 (JAC).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf      :
of her minor daughter, "A.N."        :
                                      :
VS.                              :     NO. 3:02CV780(CFD)
                                      :
EAST HAVEN BOARD OF EDUCATION   :     NOVEMBER 24, 2003

## PLAINTIFF'S PROPOSED VERDICT FORM

    1.  Did the defendant discriminate against "A.N." in her educational experience?

              Yes_____                No_____


    2.  Did the defendant recklessly or intentionally inflict severe emotional distress upon "A.N."?

              Yes_____                No_____


    3.  If you have answered "yes" to either Question 1 or Question 2, what amount of money is fair, just and reasonable to compensate "A.N." for her injuries?

            $_____

THE PLAINTIFF

BY

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
TELEPHONE:  203.562.9931
FAX:  203.776.9494
E-MAIL:  jrw@johnrwilliams.com
Her Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Hugh F. Keefe, Esq., 52 Trumbull Street, New Haven, CT 06596.

JOHN R. WILLIAMS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf        :
of her minor daughter, "A.N."        :     NO. 3:02 CV 00780 (CFD)

V.        :

EAST HAVEN BOARD OF EDUCATION      :     NOVEMBER 24, 2003

### DEFENDANT'S PROPOSED VERDICT FORM

(The Defendant reserves the right to revise this proposed verdict form based on the evidence presented at trial).

WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:

I.     **Title IX.**

Has the plaintiff Jane Doe proven by a preponderance of the evidence that A.N. was a victim of student-on-student sexual harassment, that the defendant had actual knowledge of A.N. being subjected to student-on-student sexual harassment, that the defendant was deliberately indifferent to the sexual harassment, that the harassment was severe, pervasive and objectively offensive, that the harassment deprived A.N. of access to educational benefits or opportunities provided by the defendant, that A.N.

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law

52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275  Facsimile (203) 782-0278

was a student in an educational program or activity receiving federal financial assistance, that the harassment was based on A.N.'s sex and that the defendant had authority to address the harassment and to institute corrective measures?

_____ Yes                    _____ No

Proceed to Part II.

## II.     Intentional Infliction of Emotional Distress

Has the plaintiff proven by a preponderance of the evidence that the defendant intended to inflict emotional distress or that it knew or should have know that emotional distress was a likely result of its conduct, that the defendant's conduct was extreme and outrageous, that the defendant's conduct was the cause of A.N.'s distress, and that A.N.'s emotional distress was severe?

_____ Yes            _____ No

If you answered "No" to either Part I or Part II, proceed to Part IV.  If you answered "Yes" to either Part I or Part II, or "Yes" to both Part I and Part II, proceed to

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

Part III.

III.    **Compensatory Damages/Nominal Damages**

**Please note:  Do not complete this section if you have concluded that the defendant is not liable to the plaintiff on any of her claims.**

**Please note:   You cannot award both compensatory and nominal damages.**

A.    With respect to the defendant East Haven Board of Education, has the plaintiff proven by a preponderance of the evidence that she sustained injury or damage as a result of the wrongful conduct of the defendant?


_____ Yes          _____ No

B.    If your answer to Question IIIA is "Yes," what is the total amount of compensatory damages you determine to be fair, just and reasonable?

Compensatory Damages        $_____

C.    If you did not answer "Yes" to Question IIIA (meaning you have found that the defendant violated Title IX and/or intentionally inflicted emotional distress on A.N. but have also determined that the plaintiff suffered no injury), you must award

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC

nominal damages in the amount of one dollar ($1.00).  Please enter that amount.

Nominal Damages                    $_____

**IV.**    You have now completed your deliberations.  Please sign and date this form.

Dated at Hartford, Connecticut, this _____ day of _____ 2004.

_____

FOREPERSON

45

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\JOINT TRIAL MEMO (FINAL) 11-03.DOC