UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, "A.N." | : | NO. 3:02 CV 00780 (CFD) |
| V. | : | |
| EAST HAVEN BOARD OF EDUCATION | : | SEPTEMBER 15, 2004 |

## JOINT TRIAL MEMORANDUM

The Plaintiff, Jane Doe, and the Defendant, East Haven Board of Education, hereby submit the following trial memorandum pursuant to this Court's order dated August 16, 2004.

## I.    **Trial counsel**

<u>For the Plaintiff:</u>

John R. Williams
Federal Bar. No. ct00215
Norman A. Pattis
Timothy J. Mahoney
Kim Coleman Waisonovitz
Joseph M. Merly
Williams & Pattis, LLC
51 Elm Street
New Haven, CT 06510
Phone:  (203) 562-9931
Fax:  (203) 776-9494
E-mail:  jrw@johnrwilliams.com

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Trial Memorandum 9-15-04.doc

For the Defendant:        Hugh F. Keefe
                          52 Trumbull Street
                          P.O. Box 1612
                          New Haven, CT 06506-1612
                          Phone: (203) 787-0275
                          Fax: (203) 782-0278
                          Federal Bar. No. ct05106
                          E-Mail: hkeefe@ltke.com

## II.    Jurisdiction

The Plaintiff claims jurisdiction of this Court pursuant to Title 28 U.S.C. §§1331

(federal question jurisdiction), 1343(3) (deprivation of civil rights) and 1367(a)

(supplemental jurisdiction).

## III.    Jury/Non-Jury

This case is claimed to a jury.

## IV.    Nature of Case

This is an action on behalf of a minor female public school student which alleges

that the Defendant, on the basis of the student's sex, denied her the benefits of, and/or

subjected her to discrimination under, an education program or activity receiving

Federal financial assistance, in violation of Title IX of the Educational Amendments of

1972, Sections 1681 through 1688 of Title 20 of the United States Code.  The Plaintiff

alleges that A.N. was sexually assaulted by two older students and, after they were arrested and while they were being prosecuted for those crimes, the Defendant failed to protect A.N. from them and from their friends.   The Defendant denies each of the Plaintiff's claims.

**V.    Proposed Stipulations of Fact**

1.    The Plaintiff, "Jane Doe," is the mother and next friend of "A.N."

2.    "A.N." was born in the summer of 1987.  She resides with her mother in the Town of East Haven, Connecticut, and at the time of the events in question was a freshman at East Haven High School.

3.    At all times relevant to this action, the Defendant East Haven Board of Education operates the public school system for the Town of East Haven.

4.    At all times relevant to this action, East Haven High School is a part of the Defendant East Haven Board of Education's school system.

5.    At all times relevant to this action, the Defendant East Haven Board of Education receives federal funds for the operation of its public school systems.

6.    At all times relevant to this action, the Plaintiff "A.N." was a student at

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Trial Memorandum 9-15-04.doc

East Haven High School.

7.      At the time of the events at issue in this case, Jonathan Toro and Robert Demars were seniors at East Haven High School.

8.      At the time of the events at issue in this case, Jonathan Toro and Robert Demars had been arrested on charges of sexually assaulting "A.N." and were undergoing prosecution on those charges in the Superior Court.

9.      On May 8, 2002 and May 9, 2002, Demars and Toro, respectively, were ordered by the Superior Court to not initiate contact with "A.N."

10.     On March 4, 2003, Jonathan Toro, pled guilty to Sexual Assault in the Third Degree and Risk of Injury to a Minor stemming from an incident with A.N.

11.     On March 7, 2003, Robert Demars, pled no contest to Sexual Assault in the Third Degree and Risk of Injury to a Minor stemming from an incident with A.N.

## VI.  Proposed Stipulations of Law

1.      Federal law provides that Title IX has an implied private right of action in which monetary damages and equitable relief are available.

2.      A recipient of federal funding is liable under Title IX where the recipient is

deliberately indifferent to acts of student-on-student sexual harassment, of which the recipient has actual knowledge, that is so severe, pervasive and objectively offensive that it can be said to deprive the victim(s) of access to the educational opportunities or benefits provided by the school, and the harasser(s) is under the school's disciplinary authority.

3.    A federal funding recipient is deemed "deliberately indifferent" to acts of student-on-student sexual harassment where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.

4.    A federal funding recipient is deemed to have actual knowledge of the sexual harassment when notice of the harassment is given to or witnessed by an official who exercises substantial control over the alleged harasser(s), exercises substantial control over the environment in which the harassment occurs and has authority to institute corrective measures on behalf of the federal funding recipient.

5.    For Title IX liability to lie against a federal funding recipient, the harassment must be based on the victim's sex.

6.    Connecticut law provides that a plaintiff must prove all of the following

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

elements to maintain an intentional infliction of emotional distress claim: (1) that the defendant intended to inflict emotional distress or knew or should have know that emotional distress was a likely result of its conduct; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and, (4) that the plaintiff's emotional distress was severe.

7.    Conduct is considered "extreme and outrageous" when it exceeds all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.

## VII.    Plaintiff's Contentions

1.    On or about January 1, 2002, "A.N." was sexually assaulted by Jonathan Toro and Robert Demars.

2.    In March of 2003, Toro and Demars pled guilty to sexually assaulting "A.N." and subsequently were sentenced for their crimes.

3.    The fact that Toro and Demars had been charged with sexually assaulting "A.N." was widely publicized and was actually known to the defendant at the time of the events at issue in this case.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

4.     At the time of the events at issue in this case, the defendant knew that the Superior Court had ordered Toro and Demars to have no contact with "A.N."

5.     Despite the facts described above, the defendant took no disciplinary action whatsoever against Toro and Demars.

6.     Despite the facts described above, the defendant elected to permit Toro and Demars to continue openly attending classes and participating in extracurricular activities at East Haven High School.

7.     Despite the facts described above, the defendant made no effort whatsoever to protect "A.N." from contact with Toro and Demars and their friends.

8.     As a result, "A.N." was subjected to repeated contact with and threats and harassment by Toro, Demars and their friends, including physical contact and being publicly berated and called "slut" and "liar" inside the East Haven High School building.

9.     Despite actual knowledge of all the above facts, the defendants continued to do nothing to protect "A.N." from such repeated sexual harassment and intimidation by her rapists and their friends.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

10.     Defendant permitted one or more teachers at East Haven High School to read to their classes newspaper articles concerning the sexual assault of "A.N." and to discuss such matters with their classes and, upon being asked by plaintiff Jane Doe to avoid such conduct responded through its designated officials that its teachers have "a First Amendment right" to engage in such conduct.

11.     In the manner described above, the defendant, on the basis of the plaintiff's sex, excluded the plaintiff from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 - 1688 of Title 20 of the United States Code.

12.     The conduct of the defendant described above was extreme and outrageous and was carried out with actual knowledge that it probably would cause "A.N." to suffer severe emotional distress and in reckless and/or malicious and wanton disregard of such consequence.

13.     As a direct and proximate result of the acts and omissions of the defendant described above, "A.N." suffered severe emotional distress.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

## VIII.  Defendant's Contentions

The Defendant, East Haven Board of Education, denies all of the Plaintiff's claims set forth in her complaint.  The Defendant contends that it fulfilled its duty under Title IX and that the Plaintiff's claims fail to fall within the ambit of Title IX.  The Defendant offered A.N. various options in response to her concerns, including the following:  (1) choice to attend classes or complete assignments in guidance counselor's office; (2) personal tutoring; (3) daily counseling; (4) escort by security guard; and, (5) home tutoring.  In addition, when misbehavior was witnessed by the defendant's employees, immediate action was taken in response.  The Defendant was not required to suspend or expel Toro or Demars during the time in question, as claimed by the plaintiffs, because Toro and Demars had been accused and arrested of sexual assault, but had not been convicted of such.  Furthermore, the Defendant submits that the Plaintiff is not entitled to pursue claims outside Title IX – namely, their state law claims – because Title IX is their exclusive remedy.  Finally, should the Plaintiff be entitled to pursue such claims, the Defendant denies intentionally or recklessly inflicting emotional distress on A.N. and claims that it is entitled to immunity.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

## IX.    Legal Issues

1.    Whether any acts and/or omissions of the Defendant, singly or in conjunction, violated Title IX?

2.    Is the Plaintiff's state law claim barred because Title IX is her exclusive remedy?

3.    If the Plaintiff's state law claim is not barred, does Connecticut law recognize a cause of action for reckless infliction of emotional distress?

4.    If the Plaintiff's state law claim is not barred and Connecticut law recognizes such a claim, did the Defendant intentionally or recklessly inflict emotional distress on A.N.?

5.    If the Plaintiff's state law claim is not barred, is the Defendant entitled to immunity?

## X.    Voir Dire Questions

### A.    Plaintiffs' Proposed Voir Dire Questions:

1.    This is a lawsuit brought on behalf of a female student against the East Haven Board of Education. The plaintiff alleges that she was sexually assaulted by two

students at the school, who were arrested, prosecuted, and eventually pled guilty to that crime.[1]  She alleges that the school, being fully aware of these facts, refused to protect her from harassment by the arrested students and their friends after she had reported them to the police, and that she suffered severe emotional distress as a result. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.      Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.      Does anyone here feel for any reason that people who believe that they have been treated illegally or unfairly should not bring suit against those they believe to be responsible?  If so, please explain.

4.      Have you or has anyone close to you ever been the victim of sexual assault or sexual discrimination?

5.      Do you know or have you read anything or heard anything about this case or any case similar to it?

_____

[1] The Defendant objects to this as an inaccurate statement in that both did not plead guilty to the crime.

11

6.    Has anyone here or anyone close to you ever been employed by an attorney?

7.    Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

8.    Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

9.    Where are you employed?

10.   If you are married, where is your spouse employed?

**B.    Defendant's Proposed Voir Dire Questions:**

The Defendant's proposed voir dire questions are attached.

## XI.    Proposed Jury Instructions

The parties' proposed jury instructions are attached.

## XII.    List of Witnesses

**A.    Plaintiffs' Proposed Witnesses**

1.    "Jane Doe," the victim's mother, will testify concerning all allegations in the complaint.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

2.    "A.N.," the victim, will testify concerning all allegations in the complaint.

3.    Maxine Wilensky, Assistant State's Attorney, will testify concerning her prosecution of the rapists, her communications with the defendant, and the victim's injuries related to the acts and omissions of the defendant.

4.    Mary Newall, Rape Crisis Center, Yale-New Haven Hospital, will testify concerning the plaintiff's injuries resulting from the acts and omissions of the defendant.

5.    Alicia Melillo, East Haven Public Schools, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

6.    Elaine Mierzejewski, East Haven Public Schools, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

7.    Gina Rao, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

8.    Danielle Gaetano, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

9.    Anthony N., the plaintiff's brother, will testify concerning injuries to the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

plaintiff caused by the defendant's acts and omissions.

10.    Brendan L., the plaintiff's brother, will testify concerning injuries to the plaintiff caused by the defendant's acts and omissions.

11.    Lisa Perrelli, East Haven, CT, will testify concerning the acts and omissions of the defendant and the plaintiff's injuries.

**B.    Defendant's Proposed Witnesses**

1.    <u>A.N.</u>, Plaintiff's daughter. A.N. is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 4 hours.

2.    <u>Jane Doe</u>, Plaintiff. Jane Does is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 2 hours.

3.    <u>Anthony N.</u>, Plaintiff's son. Mr. N is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1.5 hours.

4.    <u>Miss Baker</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Ms. Baker is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

5.    <u>Alicia Melillo</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Melillo is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1.5 hours.

6.    <u>Dr. John Smith</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Dr. Smith is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1 hour.

7.    <u>Elaine Mierzejewski</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Mierzejewski is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

8.    <u>Officer Michael D'Amato</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer D'Amato is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 1 hour.

9.    <u>Officer Robert Floodquist</u>, East Haven Police Department, 471 North High Street, East Haven, CT 06512. Officer Floodquist is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

10.    <u>Jeanne Willinsky</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Willinsky is expected to testify as to her knowledge of the facts and circumstances prior to, during and

15

subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

11.  <u>Mr. Serio</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513.  Mr. Serio is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

12.  <u>Mr. Proto</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513.  Mr. Proto is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

13.  <u>John Albis</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513.  Mr. Albis is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

14.  <u>Mrs. Sacks</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mrs. Sacks is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

15.  <u>Elizabeth Mazzu</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Ms. Mazzu is expected to testify as to her knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue.  Expected length of testimony: 30 minutes.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

16. <u>Mr. Manciaro</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Manciaro is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

17. <u>Mr. Flanagan</u>, East Haven High School, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. Flanagan is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 30 minutes.

18. <u>Martin DeFelice</u>, East Haven Board of Education, 35 Wheelbarrow Lane, East Haven, CT 06513. Mr. DeFelice is expected to testify as to his knowledge of the facts and circumstances prior to, during and subsequent to the incidents at issue. Expected length of testimony: 45 minutes.

## XIII.  <u>List of Exhibits</u>

### A.    <u>Plaintiffs' Proposed List of Exhibits</u>

1.    Superior Court file in <u>State v. Robert Demers</u>, CR02-0003582-T.

**OBJECTION:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial and contains hearsay.

2.    Superior Court file in <u>State v. Jonathan Toro</u>, CR02-0003581-T.

**OBJECTION:** The Defendant objects to this exhibit on the grounds that it is

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

irrelevant and prejudicial and contains hearsay.

    3.      Plea transcript in <u>State v. Demers</u>.

**OBJECTION:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial and contains hearsay.

    4.      Plea transcript in <u>State v. Toro</u>.

**OBJECTION:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial and contains hearsay.

    5.      Defendant's Discipline Policy for Grades 7 - 12.

    6.      Crisis Resource Team report dated 5/2/02.

    7.      Yale-New Haven Hospital Discharge Instructions dated 5/2/02.

    8.      Letter from Wilensky to DeFelice dated 5/6/02.

    9.      Motion to Modify Conditions of Bail dated 5/6/02.

**OBJECTION:** The Defendant objects to this exhibit on the grounds that it is irrelevant and prejudicial.

    10.     Court order dated 5/9/02.

    11.     Letter from Wilensky to DeFelice dated 5/9/02.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

12.   Parent Conference report dated 5/10/02.

B.   **Defendant's Proposed List of Exhibits**

1.   Court Order regarding Robert Demars dated May 8, 2002.

2.   Letter from Maxine V. Wilensky to Martin DeFelice dated May 9, 2002.

3.   Court Order regarding Jonathan Toro dated May 9, 2002.

4.   East Haven Public Schools Parent Conference Report dated May 10, 2002.

**OBJECTION:**  The Plaintiff objects to this exhibit on the grounds that it is hearsay.

5.   Crisis Resource Team Report dated May 2, 2002.

**OBJECTION:**  The Plaintiff objects to this exhibit on the grounds that it is hearsay.

6.   Alicia Melillo's Student Contact Notes from Nov. 1, 2001 through May 16, 2002.

**OBJECTION:**  The Plaintiff objects to this exhibit on the grounds that it is hearsay.

7.   March 26, 2002 note from Alicia Melillo regarding A.N.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

**OBJECTION:** The Plaintiff objects to this exhibit on the grounds that it is hearsay.

8.    March 27, 2002 note from Alicia Melillo regarding A.N.

**OBJECTION:** The Plaintiff objects to this exhibit on the grounds that it is hearsay.

9.    April 12, 2002 note from Alicia Melillo regarding A.N.

**OBJECTION:** The Plaintiff objects to this exhibit on the grounds that it is hearsay.

10.    Plaintiffs' responses to Defendant's Interrogatories and Requests for Production dated March 27, 2003.

11.    New Haven Register article dated April 12, 2002 titled "Pair charged in rape of classmate."

12.    New Haven Register article dated April 13, 2002 titled "No school discipline for accused students."

13.    New Haven Register article dated May 1, 2003 titled "Two East Haven teens plead no contest in alleged rape."

14.    New Haven Register article dated June 18, 2003 titled "Suspended sentences for pair accused of raping 14-year-old."

## XIV.   <u>Deposition Testimony</u>

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

The Defendant does not expect any witnesses to testify by way of deposition.

## XV.    Anticipated Evidentiary Problems

The defendant anticipates the following evidentiary problems:

1.      Both Jane Doe and A.N. testified during their depositions in this matter that a fellow student made a physical threat against A.N., which was overheard by an East Haven teacher (Mrs. Baker).  The defendant objects to this line of testimony in that it is hearsay.

2.      Both Jane Doe and A.N. testified during their depositions in this matter that a substitute teacher reviewed with his class a newspaper article regarding Toro and Demars' arrests for sexual assault.  The defendant objects to this line of testimony in that it is hearsay.

3.      Both Jane Doe and A.N. testified during their depositions in this matter that A.N. received an "instant message" from a person with the screen-name "gonnabedead," which A.N. found threatening.  It is unknown who sent the message, it was received off of school grounds and A.N. admits that the text of the message did not contain threats against her.  The defendant objects to this line of testimony on the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Trial Memorandum 9-15-04.doc

grounds that it is irrelevant.

4.    A.N. testified during her deposition in this matter that she switched school buses during the time in question because a friend told her that a fellow student on her original bus made a comment to the effect that "nothing better happen" to Toro or Demars.  The defendant objects to this line of testimony on the grounds that it is hearsay.

5.    A.N. testified during her deposition that one of the students that sexually assaulted her previously pushed a mentally challenged student over a school railing.  A.N. did not witness the event, only became aware of it after hearing other students talk about it, and has no knowledge whether such was reported to East Haven school officials.  The defendant objects to this line of testimony on the grounds that it is hearsay and irrelevant.

Please note that this list of anticipated evidentiary problems does not constitute all of the defendant's objections and further objections will be raised during trial.[2]

XVI.  **Trial Time**

_____

[2] The defendant's memorandum of law in regard to these objections will follow.

The parties estimate that the trial will require one week, inclusive of jury deliberations.

## XVII. Further Proceedings

The Defendant intends to move to dismiss the Plaintiff's state law claim as it is barred because Title IX is the Plaintiff's exclusive remedy and because Connecticut law does not recognize a cause of action for reckless infliction of emotional distress. Also, please note that the Plaintiff's punitive damages claim has been dropped by the Plaintiff and is no longer a part of this case.

## XVIII. Election for Trial by Magistrate

The Plaintiff agrees to have the case tried by a United States Magistrate. However, the Defendant does not agree.

## XX. Statement in Lieu of Opening Statement / Statement to Jury Panel

### A. Plaintiffs

The Plaintiff hereby requests an opportunity to present an opening statement to the jury.

23

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

**B.**   <u>Defendant</u>

The Defendant hereby requests an opportunity to present an opening statement to the jury. Notwithstanding, pursuant to this Court's rules and with the intent for the following not to be considered a waiver of said request, the Defendant submits the following in lieu of an opening statement.

The Defendant, East Haven Board of Education, denies all of the Plaintiff's claims set forth in her complaint. The Defendant contends that it fulfilled its duty under Title IX and that the Plaintiff's claims fail to fall within the ambit of Title IX. The Defendant offered A.N. various options in response to her concerns, including the following: (1) choice to attend classes or complete assignments in guidance counselor's office; (2) personal tutoring; (3) daily counseling; (4) escort by security guard; and, (5) home tutoring. In addition, when misbehavior was witnessed by the defendant's employees, immediate action was taken in response. The Defendant was not required to suspend or expel Toro or Demars during the time in question, as claimed by the plaintiffs, because Toro and Demars had been accused and arrested of sexual assault, but had not been convicted of such.

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law

52 Trumbull Street  P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\East Haven\Doe\Trial Memorandum 9-15-04.doc

Furthermore, the Defendant submits that the Plaintiff is not entitled to pursue claims outside Title IX – namely, their state law claims – because Title IX is their exclusive remedy.  Finally, should the Plaintiff be entitled to pursue such claims, the Defendant denies intentionally or recklessly inflicting emotional distress on A.N. and claims that it is entitled to immunity.

**XXI:**   **Verdict Form**

The parties' proposed jury verdict form is attached.

THE PLAINTIFF                                    THE DEFENDANT

BY:_____          BY:_____
JOHN R. WILLIAMS (ct00215)            HUGH F. KEEFE (ct05106)
51 Elm Street                                       52 Trumbull Street
New Haven, CT 06510                          New Haven, CT 06596
(203) 562-9931                                     (203) 787-0275
Fax:  (203) 776-9494                            Fax:  (203) 782-0278
E-Mail: jrw@johnrwilliams.com          E-Mail:  hkeefe@ltke.com

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC