26
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf          :
of her minor daughter, "A.N."             :          NO. 3:02 CV 00780 (CFD)

V.                                        :

EAST HAVEN BOARD OF EDUCATION             :          SEPTEMBER 15, 2004

## PROPOSED QUESTIONS FOR EXAMINATION OF JURORS

### DEFENDANT'S PROPOSED VOIR DIRE

(Prior to commencement of jury selection, the Defendant may submit additional proposed questions and/or delete one or more of the following questions).

1.      Has anyone here, or any relative or friend of anyone here, filed any type of complaint against any board of education, school, educational facility or school official for any reason?  If so, please explain.

2.      Has anyone here, or any relative or friend of anyone here, brought any lawsuit against any board of education, school, educational facility or school official for any reason?  If so, please explain.

3.      Has anyone here, or any relative or friend of anyone here, ever brought a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

lawsuit against a municipality for any reason?  If so, please explain.

      4.     Has anyone here, or any relative or close friend of anyone here, ever had an unpleasant experience with any school official or member of any board of education or educational facility?  If so, please explain.

      5.     Has anyone here ever sat on a jury in which there has been an allegation of sexual harassment of the plaintiff?  If so, please explain.

      6.     Has anyone here ever sat on a jury in which there has been an allegation of wrongdoing on the part of an educational institution?  If so, please explain.

      7.     Has anyone here, or any relative or close friend of anyone here, ever been the victim of sexual harassment or sexual assault?  If so, please explain.

      8.     Has anyone here, or any relative or close friend of anyone here, ever been accused of sexually harassing or sexually assaulting another person?  If so, please explain.

      9.     Has anyone here, or any relative or close friend of anyone here, ever filed a complaint or brought a lawsuit based on an allegation of sexual harassment or sexual assault?  If so, please explain.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\East Haven\Doe\Trial Memorandum 9-15-04.doc

10.    Besides sitting on a jury involving an allegation of sexual harassment or sexual assault, have any of you sat on any other type of jury before?

    (a)    Was it civil or criminal?

    (b)    Did it go to a verdict?

    (c)    State what court it was in and when.

11.    In this lawsuit, the plaintiff must prove her case by a preponderance of the evidence and if she does not, you will be instructed to return a verdict in favor of the defendant.  Is there anyone here who cannot follow that instruction?

12.    Is any member of the panel familiar or know the plaintiff Jane Doe, A.N., the plaintiff's lawyer or the facts of this case?

13.    Have any of you ever studied law?  Where?  When?  Do any of you have any relatives or friends who are lawyers or who are presently studying law?

14.    Is there any reason why anyone cannot sit on this case and be completely fair and impartial and decide this case strictly on the basis of the evidence that comes into this courtroom and nothing else?

15.    Does anyone hear feel that A.N.'s report of a sexual assault will in any

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

way invoke sympathy or similar feelings on your part which will make it difficult to

rule against her?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf          :
of her minor daughter, "A.N."              :          NO. 3:02 CV 00780 (CFD)

V.                                         :

EAST HAVEN BOARD OF EDUCATION              :          SEPTEMBER 15, 2004

## PROPOSED JURY CHARGES

(The Defendant reserves the right to revise this proposed jury charge based on the evidence presented at trial).

## TITLE IX CLAIM

This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688, which provides, in pertinent part, as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...

Title 20 U.S.C. §1681.  I may refer to this claim as a "Title IX claim."

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

Essentially, Title IX prohibits gender-based discrimination in a wide array of programs and activities undertaken by educational institutions. Sexual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX. Such a violation is present when the victim's school experience is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe to compromise the educational experience.[3]

In order to prove a Title IX claim, the Plaintiff must prove to you, by a preponderance of the evidence, the following eight elements:

(1)    That A.N. was a victim of student-on-student sexual harassment;

(2)    That the Defendant had actual knowledge of A.N. being subjected to student-on-student sexual harassment;

(3)    That the Defendant was deliberately indifferent to the sexual harassment;

(4)    That the harassment was severe, pervasive and objectively offensive;

(5)    That the harassment deprived A.N. of access to educational benefits or opportunities provided by the Defendant;

---

[3] Gebser v. Lago Vista Independent School District., 524 U.S. 274, 283-84 (1998); Frazier v. Fairhaven School Committee, 276 F.3d 52, 65 (1st Cir. 2002); Brown v. Hot, Sexy & Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).]

32

(6)    That A.N. was a student in an educational program or activity receiving federal financial assistance;

(7)    That the harassment was based on A.N.'s sex; and,

(8)    That the Defendant had authority to address the harassment and to institute corrective measures.[4]

In regards to the first element, the Plaintiff must prove that A.N. was a victim of student-on-student sexual harassment. Please note that teasing, punching and poking alone do not constitute "sexual harassment."[5]

**OBJECTION:**    The plaintiff objects to the sentence "Please note that teasing, punching and poking alone do not constitute "sexual harassment"" as being unduly argumentative.

In regards to the second element, the Plaintiff must prove that the Defendant had actual knowledge of A.N. being subjected to student-on-student sexual harassment. To show "actual knowledge" on behalf of the Defendant, the Plaintiff must prove that notice was given to or the harassment was witnessed by an official of the Defendant

---

[4] Davis v. Monroe County Board of Education, 526 U.S. 629, 644 – 651 (1999).
[5] Manfredi v. Mount Vernon Board of Education, 94 F.Supp.2d 447, 450 (S.D.N.Y. 2000).

33

who at a minimum had authority to address the alleged discrimination and to institute corrective measures on the Defendant's behalf.[6]

In regards to the third element, the Plaintiff must prove that the Defendant was deliberately indifferent to the sexual harassment. To prove "deliberate indifference," the Plaintiff must prove by a preponderance of the evidence that the Defendant's response to known peer sexual harassment was clearly unreasonable.[7]

However, this does **not** mean that the Defendant must purge its schools of all actionable peer harassment or that the Defendant's response ultimately must end all interaction between the harasser(s) and the plaintiff.[8] It also does not mean that the Defendant's administrators must engage in particular disciplinary action.[9] In other words, the Defendant is not required to immediately suspend or expel a student accused of sexual harassment.[10] In this regard, it is entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or

---

[6] Gebser v. Lago Vista Independent School District, 524 U.S. 274, 290 (1998).
[7] Davis, 526 U.S. at 648-649.
[8] Id. at 648. See also Gabrielle v. Park Forest-Chicago Heights, 315 F.3d 817, 825 (7th Cir. 2003).
[9] Davis, 526 U.S. at 648.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

statutory claims by the disciplined student.[11]  In essence, so long as the Defendant's responsive strategy is one plausibly directed toward putting an end to the known harassment, the Defendant cannot be found to have been deliberately indifferent.[12]

**OBJECTION:**    The plaintiff objects to this entire previous paragraph beginning with "However, this does **not** mean that the Defendant must purge its schools…" as being unduly argumentative.

In regards to the fourth element, the Plaintiff must prove that the harassment was severe, pervasive and objectively offensive.  Please understand that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it.[13]

**OBJECTION:**    The plaintiff objects to this previous sentence beginning with "Please understand that, in the school setting, students…" as being unduly argumentative.

---

[10] Id.  See also Gabrielle, 315 F.3d at 825; Cubie v. Bryan Career College, Inc., 244 F.Supp.2d 1191, 1202-1203 (D.Kansas 2003).
[11] Davis, 526 U.S. at 649.  See also Cubie, 244 F.Supp.2d at 1203.
[12] Doe v. University of Illinois, 138 F.3d 653, 667-668 (7th Cir. 1998).
[13] Davis, 526 U.S. at 651-652.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

However, the Defendant is not liable for failing to remedy simple acts of teasing and name-calling among school children even where these comments target differences in gender.[14]  Liability lies only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims access to educational resources and opportunities.[15]

In regards to the fifth element, the Plaintiff must prove that the harassment deprived A.N. of access to educational benefits or opportunities provided by the Defendant.  Essentially, the Plaintiff must prove that the harassment had a concrete, negative effect on A.N.'s education.[16]  Examples of a negative impact on access to education may include dropping grades, becoming homebound or hospitalized due to harassment, or physical violence.[17]

**OBJECTION**:        The plaintiff objects to this previous sentence beginning with "Examples of a negative impact..." as being unduly argumentative.

In regards to the sixth element, the Plaintiff must prove that A.N. was a student in an educational program or activity receiving federal financial assistance.  This issue is

---

[14] Id.
[15] Id.
[16] Gabrielle v. Park Forest-Chicago Heights, 315 F.3d 817, 823 (7th Cir. 2003), *citing* Davis, 526 U.S. at 654.

36

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

not in dispute. The Defendant has stipulated that it is the recipient of federal financial assistance and that A.N. was a student in its public school system. Therefore, at this point, you need only to consider the other seven elements.

In regards to the eighth element, the Plaintiff must prove that the Defendant had authority to address the harassment and to institute corrective measures. Essentially, the Plaintiff must show that the Defendant exercised a degree of control over the harasser and the environment in which the harassment occurred.[18]

In this case, the Plaintiff alleges that the Defendant, East Haven Board of Education, violated Title IX by being deliberately indifferent to the acts of student-on-student sexual harassment, of which it had actual knowledge, which ultimately deprived A.N. of access to educational opportunities or benefits provided by her school. Should you find that the Plaintiff has proven every single one of the eight elements just described, you must find that the Defendant violated Title IX. However, if you find that the Plaintiff has failed to prove even one of the eight elements just described, then you must find in favor of the Defendant on the Title IX claim.

---

[17] Id.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**OBJECTION**:     The defendant objects to submission of this claim to the jury because, pursuant to <u>Bruneau v. South Knight Central School District</u>, 163 F.3d 749 (2d Cir. 1998), Title IX is the plaintiff's **exclusive** remedy.

The Plaintiff has also filed a state law claim known as an intentional infliction of emotional distress claim.  I may refer to this claim as an "emotional distress claim." The plaintiff alleges that the defendant recklessly or intentionally inflicted emotional distress upon her in violation of Connecticut law.

**OBJECTION**:     The defendant objects to submission of a "reckless" infliction of emotional distress claim as there is no authority that such a claim exists under Connecticut law.

Under Connecticut law, four elements must be established to prevail on this claim.[19]  The Plaintiff is required to prove all of the following:

(1)     That the actor intended to inflict emotional distress or that he knew or should have known that such distress would result;

---

[18] <u>Davis</u>, 526 U.S. at 644.  *See* <u>Gebser v. Lago Vista Independent School District</u>, 524 U.S. 274, (1998)
[19] <u>Petyan v. Ellis</u>, 200 Conn. 243 (1986).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

(2)    That the conduct was extreme and outrageous;

(3)    That the defendant's conduct was the cause of the plaintiff's distress; and,

(4)    That the emotional distress sustained by the plaintiff was severe.[20]

It is not necessary for there to be any physical injury in order for the plaintiff to recover.

Initially, the plaintiff must show more than the intentional nature of the action. She sustains the additional burden of proving that the defendant intended the resulting distress.[21]

**OBJECTION:**    In regards to the previous two sentences, the plaintiff seeks to add reference to "reckless" conduct in addition to the intentional conduct.  However, the defendant objects to any reference to "reckless" conduct because there is no authority that a claim for reckless infliction of emotional distress exists under Connecticut law.

In addition, to find liability on the second element, you must find conduct that "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly

---

[20] Id. at 253.

[21] Whelan v. Whelan, 41 Conn. Supp. 519, 522 (1991).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

intolerable in a civilized community."[22]  Whether the alleged actions rise to the level of extreme and outrageous conduct is a question for the court.  Only where reasonable minds can differ does it become an issue for the jury.[23]

Conduct is not extreme and outrageous for purposes of an emotional distress claim unless it transcends "all possible bounds of human decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community."  The rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.  The requirements of the rule are rigorous and difficult to satisfy.[24]

**OBJECTION:**    The plaintiff objects to the entire previous paragraph beginning with "Conduct is not extreme and outrageous..." as being redundant and unduly argumentative.

---

[22] Stepney v. Devereux Foundation, 1995 WL 656816 (Conn. Super. October 31, 1995)(quoting Whelan v. Whelan, 41 Conn. Supp. 519, 522 (1991).  See also Restatement (Second) Torts § 46, comment d.

[23] Mellally v. Eastman Kodak Co., 42 Conn. Supp. 17, 20 (1991).

40

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

If you find that all four elements have been proven, then the defendant should be found liable to the plaintiff for the reckless or intentional infliction of emotional distress under Connecticut state law.

**OBJECTION**:     The defendant objects to submission of a "reckless" infliction of emotional distress claim as there is no authority that such a claim exists under Connecticut law.

If you find that at least one of these elements has not been proven, then the plaintiff cannot prevail and you should find in favor of the defendant on this claim.

## POLICE OFFICER TESTIMONY

There is testimony in this case given by law enforcement officers. Their testimony is entitled to no special sanctity or suspicion. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness does. You should recall the officers' demeanor on the stand and manner of testifying, as well as the substance of the testimony. You must weigh and balance this just as carefully as you would the testimony of other witnesses.

---

[24] Prosser and Keaton, <u>The Law of Torts</u>, 5th Ed., Section 12, p. 56.  See <u>Stepney</u>, 1995 WL 656816 (abusive language directed at employee by employer is insufficient to

41

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

## ORDER OF EVIDENCE

There are generally two parts to the way a trial is presented. First the Plaintiff presents her case, then the Defendant presents its case. However, it should not be of concern to you whether particular evidence comes in during the Plaintiff's case or during the Defendant's case. The evidence will be presented in the manner and sequence the Court and the attorneys deem necessary and appropriate. You must consider all the evidence that the Court determines is properly admitted and give it such weight as you deem appropriate.

You have to be concerned with competing interests, both of which are important. On the one hand, there is the interest of the Defendant Board of Education and the proper performance of its duties in protecting all of its students' rights. On the other hand, there is the interest of the Plaintiff to enjoy her rights under the law.

Now, I do not mean to suggest that the Plaintiff should win simply because A.N. may have been subject to sexual harassment by her fellow peers. Nor do I mean to suggest that the Defendant should win simply because it was acting on behalf of all its

---

sustain a cause of action for intentional infliction of emotional distress).

42

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law

52 Trumbull Street   P.O. Box 1612   New Haven, Connecticut 06506-1612

Telephone (203) 787-0275   Facsimile (203) 782-0278

students.  There are standards for you to apply and the law tries to accommodate the competing interests of the student and the board of education.

## DAMAGES

If the Plaintiff does in fact prove one or both of these two claims, only then will you need to consider the issue of damages.  If she has not proven either of these claims, then you do not need to consider the issue of damages.  If you have found that the Plaintiff has proven by a preponderance of the evidence that the Defendant violated Title IX and/or intentionally inflicted emotional distress on A.N., then you may at this point, and only at this point, consider what compensatory damages, if any, are due to the Plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should be awarded.  That is a determination which is left entirely to the jury.  I am instructing you on principles governing damage awards so that, in the event you do find the Defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the Plaintiff has proven by a

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

preponderance of the evidence to have actually been suffered, and which were proximately caused by the Defendant's conduct.  Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

<u>Compensatory Damages</u>:  Compensatory damages are a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct.  You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain, suffering or embarrassment which you find to have occurred.  You may also, if you find it warranted, award the plaintiff only "nominal" damages of one dollar or more.  In fact, you may not award more than nominal damages unless the Plaintiff has demonstrated actual injury as I have defined it.  However, because even an award of nominal damages is a serious matter, you may not award such damages lightly.  Rather, you may award nominal damages only if the Plaintiff has proven her case of a violation of Title IX and/or of intentionally inflicting emotional distress on A.N.[25]

---

[25] <u>Memphis Community School District, et al. v. Stachura</u>, 54 U.S.L.W. 4771 (June 25, 1986); <u>Carey v. Piphus</u>, 435 U.S. 247 (1978); <u>McKenna v. Peekskill Housing Authority</u>, 647 F.2d 332, 335, 337 (2d Cir. 1978); <u>David v. Village Park II Realty Co.</u>, 578 F.2d 461 (2d Cir. 1978); <u>Crawford v. Garnier</u>, 719 F.2d 1317 (7th Cir. 1983).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

## ATTORNEY'S FEES

Your decision on what damages to award, if any, should not be influenced by the attorney's fees to which counsel may be entitled.  I instruct you that attorney's fees for services in this lawsuit are not a proper element of damages and may not be a part of your deliberations.  Attorney's fees are a matter for the Court's consideration and may be awarded by the Court to counsel over and above damages awarded to a party.  Such an award of attorney's fees is, however for the Court to determine.[26]

**OBJECTION**:        The plaintiff objects to any charge on the subject of attorney fees on the basis that such constitutes reversible error.  Fisher v. City of Memphis, 234 F.3d 312, 319 (6th Cir. 2000); Brooks v. Cook, 938 F.2d 1048 (9th Cir. 1991).  See also HBE Leasing Corp. v. Frank, 22 F.2d 41, 45 (2d Cir. 1994).

---

[26] Instruction given by Honorable Jose A. Cabranes in Bodner v. Haeckel, Civil No. N-86-338 (JAC).

45

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf                    :
of her minor daughter, "A.N."                       :        NO. 3:02 CV 00780 (CFD)

V.                                                  :

EAST HAVEN BOARD OF EDUCATION      :        SEPTEMBER 15, 2004

### PROPOSED VERDICT FORM

(The Defendant reserves the right to revise this proposed verdict form based on the evidence presented at trial).

WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:

I.      **Title IX.**

Has the plaintiff Jane Doe proven by a preponderance of the evidence that A.N. was a victim of student-on-student sexual harassment, that the defendant had actual knowledge of A.N. being subjected to student-on-student sexual harassment, that the defendant was deliberately indifferent to the sexual harassment, that the harassment was severe, pervasive and objectively offensive, that the harassment deprived A.N. of access to educational benefits or opportunities provided by the defendant, that A.N.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

was a student in an educational program or activity receiving federal financial assistance, that the harassment was based on A.N.'s sex and that the defendant had authority to address the harassment and to institute corrective measures?


_____ Yes _____ No

Proceed to Part II.

**OBJECTION**: The plaintiff requests that this charge read as follows:

Bearing in mind my charge on the necessary elements for liability under Title IX, has the plaintiff proven by a preponderance of the evidence that the defendant violated A.N.'s rights under Title IX?

**II.    Intentional Infliction of Emotional Distress**

Has the plaintiff proven by a preponderance of the evidence that the defendant intended to inflict emotional distress or that it knew or should have know that emotional distress was a likely result of its conduct, that the defendant's conduct was extreme and outrageous, that the defendant's conduct was the cause of A.N.'s distress, and that A.N.'s emotional distress was severe?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

_____ Yes          _____ No

If you answered "No" to either Part I or Part II, proceed to Part IV.  If you answered "Yes" to either Part I or Part II, or "Yes" to both Part I and Part II, proceed to Part III.

**OBJECTION**:  The plaintiff requests that this charge read as follows:

Bearing in mind my charge on the necessary elements for liability under Connecticut law, has the plaintiff proven by a preponderance of the evidence that the defendant intentionally or recklessly inflicted emotional distress on A.N.?

**III.  Compensatory Damages/Nominal Damages**

**Please note:  Do not complete this section if you have concluded that the defendant is not liable to the plaintiff on any of her claims.**

**Please note:  You cannot award both compensatory and nominal damages.**

A.    With respect to the defendant East Haven Board of Education, has the plaintiff proven by a preponderance of the evidence that she sustained injury or damage as a result of the wrongful conduct of the defendant?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC

_____ Yes          _____ No

B.     If your answer to Question IIIA is "Yes," what is the total amount of compensatory damages you determine to be fair, just and reasonable?

Compensatory Damages          $_____

C.     If you did not answer "Yes" to Question IIIA (meaning you have found that the defendant violated Title IX and/or intentionally inflicted emotional distress on A.N. but have also determined that the plaintiff suffered no injury), you must award nominal damages in the amount of one dollar ($1.00).  Please enter that amount.

Nominal Damages          $_____

IV.    You have now completed your deliberations.  Please sign and date this form.

Dated at Hartford, Connecticut, this _____ day of _____, 2004.

_____

FOREPERSON

49

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW

52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612

TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\TRIAL MEMORANDUM 9-15-04.DOC