UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, suing by and on behalf : | |
| of her minor daughter, "A.N." : | NO. 3:02 CV 00780 (CFD) |
| V. : | |
| EAST HAVEN BOARD OF EDUCATION : | SEPTEMBER 24, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE**

The Defendant, East Haven Board of Education, hereby submits this memorandum of law in support of its Motion in Limine dated September 24, 2004.

**I.     FACTS**

In late-March, 2002, A.N., a freshman at East Haven high school, reported that two months prior she had been sexually assaulted by two fellow students while visiting one of the student's homes.  Thereafter, the Defendant offered A.N. various options in response to her concerns regarding fellow students' reactions to her sexual assault report.  For instance, the Defendant allowed her to complete class assignments in the guidance counselor's office rather than in the classroom, and offered her personal tutoring, daily counseling, and an escort (security guard) while on school grounds.  The

Plaintiff contends that the Defendant should have suspended or expelled the accused students for the remainder of the school year despite the fact that they were not convicted of any crime at the time. The Plaintiff claims that the Defendant's failure to take such action denied her the benefits of, and/or subjected her to discrimination on the basis of her sex in violation of Title IX of the Educational Amendments of 1972.

## II.    LEGAL STANDARD

Relevant evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Civ.P. 401. Evidence that is not relevant is inadmissible. Fed.R.Civ.P. 402. Moreover, even if evidence may be relevant, such evidence may still be excluded if the prejudicial effect of that evidence outweighs its probative value. Fed.R.Civ.P. 403. The trial court has the discretion to exclude relevant evidence on the basis of unfair prejudice. Finally, with limited exception, hearsay is not admissible. Fed.R.Civ.P. 802.

### III.  LEGAL ARGUMENT

    A.    Testimony and Evidence Regarding Details of Sexual Assault Should Be Precluded.

The Plaintiffs may attempt to provide unnecessary details regarding the sexual assault of A.N. by Jonathan Toro and Robert Demars.  Clearly, such evidence is irrelevant to the claims against the Defendant.  Rules 401-403 make it clear that evidence is to be admitted if it has "any tendency to make the existence of any fact that **is of consequence** to the determination of the action more probable or less probable than it would be without the evidence, so long as its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."  Papizzo v. O. Robertson Transport, Ltd., 401 F.Supp. 540, 542 (D.Mich. 1975).  *See also* Conway v. Icahn & Co., Inc., 16 F.3d 504, 511 (2d Cir. 1994).  Here, the focus of the Plaintiff's claim is the Defendant's response to A.N.'s report of the sexual assault and students' reactions to said report, not the sexual assault itself.  Thus, the details of the assault at a place outside school property are of no consequence to the

Plaintiff's claim.  Moreover, such details can only be offered to gain sympathy from the jury, which is entirely impermissible and prejudicial to the Defendant.

   B.  Testimony from Jane Doe and A.N. Regarding Physical Threat Made in Presence of Teacher Should Be Precluded.

During her deposition in this matter, A.N. testified that a fellow student, Erica Aberino, made a comment in a teacher's presence to the effect that if A.N. went to class, she would punch A.N. in the face.  *See pp. 36-38, Deposition of A.N., April 3, 2003 ("A.N.'s Depo.")*.  A.N. claims that she was in the guidance counselor's office at the time but learned of the comment when the teacher reported it to the guidance counselor.  *Id*. at 37.  Clearly such testimony constitutes hearsay and does not fall within one of the enumerated exceptions.  Accordingly, such testimony should not be admitted.

   C.  Testimony from Jane Doe and A.N. Regarding Claim that a Substitute Teacher Read a Newspaper Article Pertaining to A.N.'s Sexual Assault Report Should Be Precluded.

During her deposition, A.N. also testified that a substitute teacher, possibly Mr. Preto, read a newspaper article pertaining to A.N.'s sexual assault report to his class.  *A.N.'s Depo. at pp. 66-68, 75*.  Neither Jane Doe nor A.N. was present in this class at the time.  A.N. learned of such from a friend, Gina Reyo, who was told such by another

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION IN LIMINE MEMO OF LAW 9-04.DOC

individual.  *Id. at pg. 67, lines 14-20, pg. 75.*  Clearly such testimony constitutes hearsay and is inadmissible.

        D.      Testimony from Jane Doe and A.N. Regarding Alleged Threatening Instant Message Should Be Precluded.

During her deposition, A.N. was asked whether she had been threatened by students after she reported the sexual assault to the police.  *A.N.'s Depo. at pg. 77.*  She testified that she was threatened while on-line at her friend's computer.  *Id.*  Specifically, she testified that while at her friend Gina's house, she logged onto the computer under Gina's screen name and then accessed her Instant Message under her own screen name ("XXXDebeotchXXX").  *Id. at 77-79.*  While on-line, she received a message from someone with the screen name "Gunna Be Dead."  *Id. at 77, lines 5-16.*  She then admitted that the message from this screen name was not threatening and that she did not know the person who used this screen name.  *Id. at pg. 79, lines 15-20, pg. 80, lines 17-24.*  Clearly, such evidence is irrelevant and constitutes hearsay.  A.N. admits that the message was not threatening, she does not know the source of the screen name, and what messages were exchanged occurred while she was present at her friend Gina's

5
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION IN LIMINE MEMO OF LAW 9-04.DOC

home. Accordingly, the Plaintiffs should be precluded from introducing testimony or evidence regarding the instant messages.

      E.      Testimony from Jane Doe and A.N. Regarding A.N.'s Decision to Switch School Buses Should Be Precluded.

During her deposition, A.N. further testified that she took a bus to school with a fellow student, Jordan D'Angelo. *A.N.'s Depo. pg. 89-90.* She claims that Jordan made a statement to the effect that nothing better happen to his boy (one of the students accused of assaulting A.N.). *Id. at pg. 90, lines 4-20.* A.N. never heard him make this statement and Jordan never made such a statement to A.N. *Id.* However, the statement was made within A.N.'s friend, Lisa Perrelli's, presence. *Id.* After Lisa told A.N. about the statement, A.N. decided to switch buses. *Id.* However, she never reported the comment or her reason for switching buses to any East Haven officials. *Id. at pg. 91, lines 14-20.*

This testimony constitutes hearsay and is completely irrelevant. The statement was never made directly to A.N. A.N. admitted that she was not threatened should something happen to one of the accused students (A.N.'s Depo. at pg. 91, lines 6-8) and

6
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION IN LIMINE MEMO OF LAW 9-04.DOC

the Defendant was never made aware of the statement or the reason why A.N. switched busses.  Accordingly, such evidence should be precluded.

     F.    Testimony from Jane Doe and A.N. Regarding Incident Wherein Jonathan Toro Allegedly Injured a Mentally Challenged Student Should Be Precluded.

A.N. testified that Jonathan Toro (one of the students accused of assaulting A.N.) was previously accused of "flipping a mentally challenged girl over the railing."  *A.N.'s Depo. at pg. 113, lines 21-22.; pg. 116*.  A.N. did not witness the event and only became aware of it when told by fellow students.  *Id. at pp. 114-115*.  Moreover, she does not know if the incident was reported to the Defendant nor whether Mr. Toro was disciplined for the incident.  *Id. at pg. 115, lines 18-20; pg. 116, lines 14-17*.  Such testimony and evidence constitutes hearsay and is completely irrelevant to the Plaintiff's claim.  Accordingly, it should be precluded.

     G.    The Superior Court Criminal Files and Plea Transcripts of Jonathan Toro and Robert Demars Should Be Precluded.

The Plaintiff has identified Jonathan Toro's and Robert Demars' Connecticut Superior Court criminal files and plea transcripts as potential exhibits at trial.  Said

7
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION IN LIMINE MEMO OF LAW 9-04.DOC

documents should be precluded on the grounds that they constitute hearsay, are irrelevant and will be prejudicial to the Defendant.  As indicated in Section A above, the focus of the Plaintiff's claim is the Defendant's response to A.N.'s report of the sexual assault and students' reactions to said report, not the sexual assault itself.  The criminal files and plea transcripts, aside from containing hearsay, contain details regarding the assault.  Moreover, such evidence can only be offered to gain sympathy from the jury, which is entirely impermissible and prejudicial to the Defendant.

IV.  **CONCLUSION**

Based on the foregoing, the Defendant respectfully requests that this Court grant its Motion in Limine in all respects.

                THE DEFENDANT
                EAST HAVEN BOARD OF EDUCATION

                BY: _____
                     HUGH F. KEEFE, ESQ.
                     NANCY A. FITZPATRICK, ESQ.
                     52 Trumbull Street,
                     P.O. Box 1612
                     New Haven, CT 06596
                     (203) 787-0275
                     Federal Bar No. CT05106

W:\EAST HAVEN\DOE\MOTION IN LIMINE MEMO OF LAW 9-04.DOC

## CERTIFICATION

I hereby certify that a copy of the above was hand-delivered on September 24, 2004 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
Federal Bar No. ct00215
Norman Pattis, Esq.
51 Elm Street
New Haven, CT 06510

_____
Hugh F. Keefe, Esq.