FILED
2004 DEC 23 A 11: 37
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, "A.N." | :    NO. 3:02 CV 00780 (CFD) |
| V. | : |
| EAST HAVEN BOARD OF EDUCATION | :    DECEMBER 21, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL**

Pursuant to Rules 7(a)(1) and 37(a)(3) of the Local Rules of Civil Procedure, the defendant, East Haven Board of Education, hereby submits this memorandum of law in support of its Motion to Compel dated December 21, 2004 requesting this Court to enter an order compelling the Plaintiff to execute the medical authorizations attached to the Motion to Compel (authorizations to Yale New Haven Hospital, Mary Newell and East Haven Board of Education).

**I:    Factual Background**

The plaintiff, Jane Doe, brought this lawsuit on behalf of her minor daughter, A.N., against the East Haven Board of Education alleging that it had violated A.N.'s Title IX rights. Specifically, the plaintiff claims that A.N., who was a student at East

1

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.    ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC

Haven High School, reported to the defendant that she was sexually assaulted by two fellow students off of school grounds. Thereafter, the plaintiff claims that the defendant failed to protect A.N. from sexual harassment by "her rapists and their friends." Complaint, ¶14. As a result of the defendant's alleged acts and omissions, the plaintiff claims to have "suffered severe emotional distress." Complaint, ¶18.

Pursuant to Fed.R.Civ.Proc. Rules 33 and 34, the defendant served the plaintiff with written Interrogatories and Requests for Production on or about February 25, 2003. No. 1 of the defendant's Requests for Production requested production of "any and all medical or related reports and bills rendered to you from institutions, physicians or other persons described in your answers to Interrogatories 27 and 28." See Defendant's Requests for Production dated Feb. 25, 2003 attached hereto as Exhibit A.

Interrogatory No. 26 requested the following:

Identify whether "A.N." has received any treatment for emotional distress. If so, please state the name of the treating professional(s), the date(s) of treatment, the method(s) of treatment and whether "A.N." continues to receive such treatment.

See Defendant's Interrogatories dated Feb. 25, 2003 attached hereto as Exhibit B.

Interrogatory No. 27 requested the following:

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC

> If "A.N." suffered from any emotional condition(s) prior to the incidents alleged in your compliant, state with specificity the nature of the condition(s), including the date(s) of the treatment, professional(s) consulted and method(s) of treatment.

There was no Interrogatory No. 28 and Interrogatory No. 29 makes no reference to medical treatment or emotional distress. To date, the plaintiff has not provided the defendant with all the medical reports related to her emotional distress claim.

On October 27, 2004, defense counsel sent plaintiff's counsel a letter requesting that his client sign medical authorizations for disclosure of records from professionals that treated A.N. <u>See</u> letter from Nancy A. Fitzpatrick to Norman Pattis dated Oct. 27, 2004 attached hereto as Exhibit C. Plaintiff's counsel refused to have the authorizations signed because discovery is closed and because "the case would by now have been tried but for the exigencies of Attorney Keefe's schedule." <u>See</u> letter from Norman A. Pattis to Nancy A. Fitzpatrick dated Nov. 3, 2004 attached hereto as Exhibit D. Thereafter, defense counsel again attempted to obtain execution of the authorizations, which plaintiff's counsel has continued to refuse to have executed. <u>See</u> letter from Nancy A. Fitzpatrick to Norman Pattis dated Nov. 11, 2004 attached hereto as Exhibit E. Accordingly, the defendant has no other choice but to seek intervention by the Court.

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC

This matter is currently scheduled to begin jury selection on January 19, 2005. A trial date has not yet been set.

## II:    Discovery Items in Dispute

Below is a list of the discovery items in dispute.

1. All medical records related to treatment A.N. received related in any way to her emotional distress claim, including records from Mary Newell (Yale New Haven Hospital) and professionals working for the East Haven Board of Education (such as Alicia Melillo).

2. Execution of medical authorizations provided to plaintiff's counsel on October 27, 2004.

The production of the medical records is overdue since they were requested in February, 2003. Although there is a typographical error in No. 1 of the Request for Production in terms of referencing the Defendant's Interrogatories, it is clear that the defendants were requesting all medical records related to treatment A.N. received that was related in any way to her emotional distress claim. The request should have referenced Interrogatories Nos. 26 and 27 rather than 27 and 28. Since there is no Interrogatory No. 28 and Interrogatory No. 26 referenced medical records, the plaintiff

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC

should not be permitted to withhold these pertinent medical records based on this typographical error.

Moreover, the defendant is entitled to such documents. "At trial, if [the plaintiff] contends that she has suffered emotional distress, clearly defendant is entitled to present evidence that other stressful situations in her past personal history have contributed to her emotional distress." <u>Lowe v. Philadelphia Newspapers, Inc</u>., 101 F.R.D. 296, 298 (E.D. Pa. 1983). <u>See also</u> <u>Potter v. West Side Transportation, Inc</u>., 188 F.R.D. 362 (D. Nev. 1999) (defendant was entitled to plaintiff's medical records regarding treatment for emotional and mental injuries where the plaintiff claimed to have suffered emotional injuries as a result of the defendant's conduct).

Lastly, compelling the plaintiff to execute the authorizations now so that defense counsel can review the medical records related to her emotional distress claim preserves this Court's and counsels' time. The defendant has the right to subpoena all such records at trial when the witness is called to testify. Since the medical authorizations are directed at identified witnesses -- namely, Mary Newell and professionals of the East Haven Board of Education such as Alicia Melillo – it is unreasonable to refuse the defendant the opportunity to obtain the records now rather than on the day of trial.

5

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC

Having the records in advance will provide counsel with the opportunity to review the records before trial rather than during trial, thus preserving the Court's and counsels' time. The plaintiff will not suffer any prejudice by executing the medical authorizations at this time.

### III:   Conclusion

Wherefore, the defendant respectfully requests that this Court grant its Motion to Compel and order the plaintiff to execute the medical authorizations attached to the Motion to Compel (directed against Yale New Haven Hospital, Mary Newell and the East Haven Board of Education).

THE DEFENDANT
EAST HAVEN BOARD OF EDUCATION

BY: _____
HUGH F. KEEFE, ESQ.
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
Phone: (203) 787-0275
Fax: (203) 782-0278
Federal Bar No. CT05106

6
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC

## CERTIFICATION

I hereby certify that a copy of the above was mailed on December 21, 2004 to all counsel and pro se parties of record as follows:

John R. Williams
Norman Pattis
Williams & Pattis
51 Elm Street
New Haven, CT 06510

_____
Hugh F. Keefe

7
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\EAST HAVEN\DOE\MOTION TO COMPEL MEMO OF LAW 12-1-04.DOC