E

Case 3:02-cv-00780-CFD    Document 48-6    Filed 12/23/2004    Page 1 of 3

FILE COPY

# LYNCH, TRAUB, KEEFE AND ERRANTE
### A PROFESSIONAL CORPORATION
### ATTORNEYS AND COUNSELLORS AT LAW

\*\* HUGH F. KEEFE
† STEVEN J. ERRANTE
°° JOHN J. KEEFE, JR.
\* DONN A. SWIFT
   CHARLES E. TIERNAN III
   ROBERT W. LYNCH
   RICHARD W. LYNCH
† TIMOTHY P. POTHIN
   ERIC P. SMITH
   NICOLE M. FOURNIER
   LOUIS M. RUBANO
† MARISA A. BELLAIR
£ NANCY A. FITZPATRICK
\* STEPHEN I. TRAUB, OF COUNSEL
° WILLIAM C. LYNCH, RETIRED

52 TRUMBULL STREET
P.O. BOX 1612
NEW HAVEN, CONNECTICUT 06506-1612

PHONE: (203) 787-0275
FAX: (203) 782-0278
E-MAIL: LAWYERS@LTKE.COM
INTERNET: HTTP://WWW.LTKE.COM

\* BOARD CERTIFIED CIVIL TRIAL LAWYER
°° BOARD CERTIFIED CRIMINAL TRIAL LAWYER
\*\* BOARD CERTIFIED CIVIL AND CRIMINAL TRIAL LAWYER
† ALSO ADMITTED IN NEW YORK
° ALSO ADMITTED IN DISTRICT OF COLUMBIA
£ ALSO ADMITTED IN FLORIDA

November 11, 2004

Mr. Norman Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510

    Re:   <u>Doe v. East Haven Board of Education</u>
           Our File No. 11111-111

Dear Attorney Pattis:

Please allow this letter to serve as a response to your letter dated November 3, 2004 wherein you advise me of your refusal to execute the medical authorizations sent to you with my October 27, 2004 letter. The basis of your refusal is that discovery is closed and the previously-scheduled trial of this matter was postponed based on Attorney Keefe's schedule.

First, such documents were previously requested by the defendant on February 25, 2003. Specifically, the Defendant's Request for Production No. 1 requested production of "any and all medical or related reports and bills rendered to you from institutions, physicians or other persons described in your answers to Interrogatories 27 and 28." Despite the typographical error in the numbering of the interrogatories, it is clear that the defendant was seeking all of the plaintiff's medical records. To date, the plaintiff has failed to comply and thus should execute the releases.

Second, the defendant has the right to subpoena all such records at trial when the witness is called to testify. Since the medical authorizations are directed at identified witnesses – namely, Mary Newell and Alicia Melillo – it is unreasonable to refuse the defendant the opportunity to obtain the records now rather than at the day of trial. Having the records in advance will allow counsel to review the records before trial rather than during trial, thus preserving the court's and counsels' time.

As such, please provide me with the medical authorizations by November 18, 2004 or I will seek court intervention.

Very truly yours,

Nancy A. Fitzpatrick