UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, suing by and on behalf : | |
| of her minor daughter, "A.N." : | NO. 3:02 CV 00780 (CFD) |
| V. : | |
| EAST HAVEN BOARD OF EDUCATION : | APRIL 18, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE AND OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

The defendant, East Haven Board of Education, hereby submits this memorandum of law in support of its Motion in Limine dated April 18, 2005.

**I.    FACTS**

In late-March, 2002, A.N., a freshman at East Haven high school, reported that two months prior she had been sexually assaulted by two fellow students while visiting one of the student's homes. Thereafter, the Defendant offered A.N. various options in response to her concerns regarding fellow students' reactions to her sexual assault report. For instance, the Defendant allowed her to complete class assignments in the guidance counselor's office rather than in the classroom, and offered her personal tutoring, daily counseling, and an escort (security guard) while on school grounds.

The Plaintiff contends that the Defendant should have suspended or expelled the accused students for the remainder of the school year despite the fact that they were not convicted of any crime at the time. The Plaintiff claims that the Defendant's failure to take such action denied her the benefits of, and/or subjected her to discrimination on the basis of her sex in violation of Title IX of the Educational Amendments of 1972.

## II.     LEGAL STANDARD

Relevant evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Civ.P. 401. Evidence that is not relevant is inadmissible. Fed.R.Civ.P. 402. Moreover, even if evidence may be relevant, such evidence may still be excluded if the prejudicial effect of that evidence outweighs its probative value. Fed.R.Civ.P. 403. The trial court has the discretion to exclude relevant evidence on the basis of unfair prejudice. Also, with limited exception, hearsay is not admissible. Fed.R.Civ.P. 802. Finally, conclusions and opinions of non-experts are inadmissible. Fed.R.Civ.P. 701, 602.

### III.    LEGAL ARGUMENT

Plaintiff's exhibit 9, a motion to modify conditions of bail in Jonathan Toro's criminal case, and plaintiff's exhibit 10, a no-contact order in the criminal case, both come from the Superior Court files previously objected to by the defendant in its Motion in Limine dated September 24, 2004.[1]  Said documents should be precluded on the grounds that they constitute hearsay, are irrelevant and will be prejudicial to the Defendant.  The focus of the Plaintiff's claim is the Defendant's response to A.N.'s report of the sexual assault and students' reactions to said report, not the sexual assault itself.  The criminal files, which include plaintiff's exhibits 9 and 10, have nothing to do with the defendant's response to AN's reports.  Moreover, such evidence can only be offered to gain sympathy from the jury, which is entirely impermissible and prejudicial to the Defendant.  Accordingly, exhibits 9 and 10 should be precluded.

Plaintiff's exhibits 8, 11 and 12 should be precluded because they constitute hearsay, contain double hearsay, are factually inaccurate and contain inadmissible conclusions and opinions.  For instance, exhibit 8 is a letter from Maxine V. Wilensky to

---

[1] The defendant moved to preclude the introduction of plaintiff's exhibits 1, 2, 3, 4 and 9, as well as specific testimony, in said motion.

Martin DeFelice dated May 6, 2002.  In said letter, Ms. Wilensky describes conversations she has had with Jane Doe and contains opinions regarding what was transpiring at school with A.N.  Likewise, exhibit 12 is a parent conference report dated May 10, 2002.  In said report, there is a description as to what was discussed by Mrs. Mierzewjski, Sergeant Flodquist, Jane Doe and Detective D'Amato.  Such clearly constitutes inadmissible hearsay.  Also, the report contains various opinions and conclusions, such as Jane Doe's concerns for A.N, which is inadmissible because such is not helpful to a clear understanding of the witness' testimony nor the determination of a fact in issue.  U.S. v. Rea, 958 F.2d 1206 (2nd Cir. 1992).  Accordingly, exhibits 8, 11 and 12 should be precluded.

        THE DEFENDANT
        EAST HAVEN BOARD OF EDUCATION

        BY: _____
            HUGH F. KEEFE, ESQ.
            Lynch, Traub, Keefe & Errante, PC
            52 Trumbull Street,
            P.O. Box 1612
            New Haven, CT 06596
            (203) 787-0275
            Federal Bar No. CT05106

## **CERTIFICATION**

I hereby certify that a copy of the above was sent via facsimile on April 18, 2005 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
51 Elm Street
New Haven, CT 06510
Federal Bar No. ct00215
Fax: (203) 776-9494

Mr. Norman Pattis, Esq.
Law Offices of Norman A. Pattis, LLC
649 Amity Road
P.O. Box 280
Bethany, CT 06524
Fax: (203) 393-9745

                                                                      Hugh F. Keefe