Hon. Christopher F. Droney
United States District Judge

## PROPOSED JURY INSTRUCTIONS

United States District Court
District of Connecticut
FILED AT        HARTFORD

5/5/05

Kevin F. Rowe, Clerk

By
        Deputy Clerk

CASE:     <u>Lisa LaPenna, suing by and on behalf of her minor daughter, Allasondra
          Notaro v. East Haven Board of Education-- Civil Action No. 3:02 CV 780
          (CFD)</u>

1

## SECTION I.  GENERAL INSTRUCTIONS

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will try to be as clear as possible.

It has been obvious to me that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it

2

would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions -- about the facts of this case. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. The questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should

render, or whether any of the witnesses may have been more credible that any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk

4

that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

## Burden of Proof - General

This is a civil case and as such the plaintiff has the burden of proving the material allegations of her complaint by a fair preponderance of the evidence. If upon a consideration of all the facts on the material allegations of the complaint, you find that the plaintiff has failed to sustain the burden cast upon her, then you proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden, your verdict must be for the plaintiff, and then you must proceed to consider the issue of damages.

## Burden of Proof -- Preponderance of the Evidence

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind. In a civil case, the party with the burden of proof on any given issue has the burden of proving every disputed element of the claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish the claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of

5

all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence -- the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of evidence.

### Evidence In The Case

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; any facts which are stipulated; and any facts I have judicially noticed.

Deposition testimony may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

To constitute evidence, exhibits must have been received or admitted into evidence. Exhibits which have been marked for identification or which were used to refresh a witness' recollection are not evidence unless they were admitted into evidence. During your deliberations,

6

you will have the exhibits that were admitted into evidence with you in the jury room.

The questions posed by the lawyers are not evidence. It is the witnesses' answers that are evidence.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Statements, objections and arguments of counsel are not evidence in this case, because the lawyers are not witnesses. What the lawyers have said in their opening and closing statements is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

If certain evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses -- something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.

7

To remind you of the example I gave you at the beginning of the case, assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

An inference may be drawn only if it is reasonable and logical, not if it is speculative. You are allowed to draw logical inferences from facts that you find to have been provided; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture. While you may draw conclusions from proven facts, you may not draw inferences from their inferences. To aid you in better understanding this, in the rain example I just used, while you could infer from the wet umbrellas that it was raining, you could not infer that there was a thunderstorm as well without more evidence. In other words, you should be careful to avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

8

## Judicial Notice

During this case, I have taken judicial notice of and accepted as true the following facts:

1.      Conn. Gen. Stat. 53a-72a(a)(1)(A) reads as follows: A person is guilty of sexual

        assault in the third degree when such person compels another person to submit to

        sexual contact by the use of force against such other person or a third person.

2.      This case was filed by the plaintiff on May 6, 2002 and the complaint was served

        on the defendant on May 8, 2002.

You are required to accept these facts as true in reaching your verdict.


## Stipulation of Facts

A stipulation of facts is an agreement between the parties that a certain fact is true.  You

must regard such agreed facts as true.

The parties have stipulated to the following facts in this case:

1.      The plaintiff, Lisa LaPenna, is the mother and next friend of Allasondra Notaro.

2.      Allasondra Notaro was born in the summer of 1987.  She resides with her mother
        in the town of West Haven, Connecticut, and at the time of the events in question
        was a freshman at East Haven High School.

3.      At all times relevant to this action, the defendant East Haven Board of Education
        operated the public school system for the Town of East Haven.

4.      At all times relevant to this action, East Haven High School was a part of the
        defendant East Haven Board of Education's school system.

5.      At all times relevant to this action, the defendant East Haven Board of Education
        received federal funds for the operation of its public school systems.

6.      At all times relevant to this action, the plaintiff Allasondra Notaro was a student at
        East Haven High School.

9

7.    At the time of the events at issue in this case, Jonathan Toro and Robert Demars were seniors at East Haven High School.

8.    Shortly before April 22, 2002, Jonathan Toro and Robert Demars had been arrested on charges of sexually assaulting Allasondra Notaro and were undergoing prosecution on those charges in the Connecticut Superior Court.

### Witness Credibility

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did the witness appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was the witness' demeanor -- that is, carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person said but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of

10

the case. You should consider the opportunity the witnesses had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## Number of Witnesses Called is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## SECTION II. ISSUES IN THIS CASE

Now, I will turn to the specific claims made by the plaintiff, Lisa La Penna, on behalf of her daughter, Allasondra Notaro.

### The Plaintiff's Complaint

The plaintiff has filed what the law calls a "complaint," which sets forth all of the issues that she intended to raise at trial. The plaintiff's complaint consists of one count or claim:

> 1. Count One alleges that the East Haven Board of Education, on the basis of Allasondra Notaro's sex, excluded her from participation in, denied her the benefits of, and/or subjected her to discrimination in an educational program receiving federal financial assistance, in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688.

I will explain more about this claim in a moment.

### Title IX of the Educational Amendments of 1972

Title IX provides, in relevant part, that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." Recipients of federal funds, like the East Haven Board of Education, may be liable for damages under Title IX for student-on-student sexual harassment. In order to find the defendant liable under Title IX for such acts, the plaintiff must demonstrate the following elements:

> (1) that Allasondra Notaro suffered sexual harassment by her peers that was so severe, pervasive, and objectively offensive that it could be said to deprive her of access to the educational opportunities or benefits provided by East Haven High School;

(2) that the Defendant had actual knowledge of the sexual harassment; and

(3) that the Defendant was deliberately indifferent to the harassment.

A)    Severe and Pervasive Sexual Harassment

In order to find the Defendant liable, you must determine that Allasondra was the subject of sexual harassment that was so severe, pervasive, and objectively offensive that it had the overall effect of denying her equal access to East Haven's educational programs or activities. To hold the defendant liable, the harassment must have taken place in a context subject to the Board of Education's control and where the Board of Education possessed the substantial control necessary to take remedial action against the harasser.

Whether gender-oriented conduct rises to the level of actionable "harassment" depends on a constellation of surrounding circumstances, expectations, and relationships. There is no mathematical formula to determine whether harassment is severe or pervasive.  In the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among students, even where these comments target differences in gender.  Damages are available only where the harassment constitutes such severe gender-based mistreatment that it denies a victim the equal access to education that Title IX is designed to protect.

B.    Actual Knowledge

In order to find the Defendant liable, you must also find that it had actual knowledge of this student-on-student sexual harassment.  To show that the East Haven Board of Education had "actual knowledge," the Plaintiff must prove that the harassment was witnessed by or that notice

13

of the harassment was given to an "appropriate person"—an official of the Defendant who at a minimum had authority to address the alleged discrimination and to institute corrective measures on the Board of Education's behalf.

The plaintiff may not recover damages against the Board of Education based on the doctrine of "respondeat superior," which means that you can not "let the superior respond" for any losses or injuries wrongfully caused by employees of the defendant who were not appropriate persons. Nor may the plaintiff recover damages against the Board of Education based on the doctrine of constructive notice, that the defendant failed to perform reasonably necessary inspections and preventive measures. You must find that the plaintiff provided actual notice of the harassment to an appropriate official.

### C.    Deliberate Indifference

Finally, in order to find the Defendant liable, the Plaintiff must prove that the Defendant Board of Education, upon receiving actual notice, was "deliberately indifferent" to the harassment. The United States Supreme Court has held that a Title IX defendant should be found deliberately indifferent only where its "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances. The deliberate indifference standard "does not mean that [the Defendant] can avoid liability only by purging [its] schools of actionable peer harassment or that administrators must engage in particular disciplinary action," but simply that a defendant must respond to acts of known peer harassment in a manner that is not clearly unreasonable.

If you find that the Plaintiff has proven all three of the elements just described, you must

14

find that the Defendant violated Title IX.  However, if you find that the Plaintiff has failed to prove any one of these elements, then you must find in favor of the Defendant on the Title IX claim.

## SECTION III. DAMAGES

### Compensatory Damages

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not damages should be awarded in this case. In addition, since the defendant must address the issue of damages during the trial or completely lose its opportunity to do so, none of the evidence or discussion relating to damages presented on the defendant's behalf should be taken or construed by you as an admission by the defendant that it is liable or that the plaintiff is entitled to a damages award.

However, if you find that the defendant is liable to the plaintiff on the ground advanced in this lawsuit, then you should consider the question of damages. There is only one kind of damages that can be awarded in this action – compensatory damages. Compensatory damages are designed to fairly and justly compensate an individual for any injuries suffered. Thus, in fixing compensatory damages, it is for you, in the exercise of your best judgment, to determine the amount of money which will, in your judgment, reasonably and fairly compensate Ms. Notaro for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.

The amount of compensatory damages may include reasonable compensation for medical expenses and other financial harms. In addition, the amount of compensatory damages may include reasonable compensation for any emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses the plaintiff suffered. This type of harm generally is called emotional distress. The plaintiff and her daughter may testify as to any emotional distress Allasondra Notaro suffered, and medical testimony is not required in order for Ms. Notaro to recover for emotional distress. However, a plaintiff may not recover for

16

emotional distress unless she presents evidence of such harm.

In order to recover damages, the plaintiff must present sufficiently accurate and complete evidence for you to be able to estimate the alleged damages with reasonable certainty. Reasonable certainty of proof is all that is required, and the amount of any damages may be determined approximately upon reasonable inferences and estimates. Damages, if any, must be fair, just and reasonable and nothing more, and must reflect the harm suffered by the plaintiff. In addition, you must not speculate or guess as to damages, and under no circumstances should you let your sympathy affect your consideration of the law and the evidence. Likewise, it is not part of your function as jurors to punish the defendant or to be generous. Merely because you have been presented with evidence of Ms. Notaro's damages does not mean that you have to accept that evidence. It is the plaintiff's burden to prove each element and item of damage of her claim: it is not the defendant's burden to disprove them. Since it is the plaintiff's burden to prove Ms. Notaro's damages, the defendant also has no obligation to present evidence to disprove or refute her claim of damages. Thus, unless you find that the plaintiff has proven each element of damage by a fair preponderance of the evidence, you must find for the defendant on that element of damage.

Additionally, in your determination of the damages to be awarded to the plaintiff, if any, you must first determine that there is a causal connection between the defendant's conduct and the actual loss claimed and proved by the plaintiff. In other words, the defendant's conduct must have brought about the harm to Allasondra Notaro. Therefore, if you find that anything else caused Allasondra's loss or caused some portion of loss, then you must conclude that she has failed to satisfy her burden of proof.

17

## **Nominal Damages**

Nominal damages must be awarded when a defendant has violated Title IX but the individual has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a violation of Title IX occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you return a verdict for the plaintiff on her Title IX claim, but find that she has failed to prove by a preponderance of the evidence that Allasondra Notaro suffered any actual damages, then you must award nominal damages of one dollar.

## **Causation and Damages (All Claims)**

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the East Haven Board of Education. You must distinguish between, on the one hand, the existence of a violation of the person's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant is liable for violating Title IX, you must ask whether the plaintiff has proven by a preponderance of evidence that the defendant's actions caused the damage that the plaintiff claims her daughter suffered.

## **Proximate Cause**

It is also important to remember that when an injury or loss follows a party's act or omission, and that injury or damage may be attributable in a causal connection to that act or omission, then that act or omission is said to be the proximate cause of that injury or loss. Expressed another way, if an act or omission of a party is found to have been a substantial factor in bringing about an injury or loss, then that act or omission is a proximate cause of that injury or

18

loss.  However, if the act or omission is not a substantial factor in bringing about that injury or loss, then it is not the proximate cause of that injury or loss.  When that happens, it means that the doer of the act or omission is not liable under the law for the damage or loss.

## SECTION IV.  INSTRUCTIONS FOR DELIBERATIONS

### Right To See Exhibits and Hear Testimony
### Communications With Court

You are about to go into the jury room and begin your deliberations.  The exhibits will be with you in the jury room.  If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.  I will also give you one copy of these instructions.

Your requests for testimony -- in fact any communication with the court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.  I caution you, also, not to communicate to me any numerical division of how you stand during your deliberations.

### Duty To Deliberate/Unanimous Verdict

You will now return to decide the case.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard

to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

## Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

## Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## General Verdict Form

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict as to the plaintiff's claim against the defendant. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror.

### Final Instruction

Now the time has come for you to retire to the jury room. When you go to the jury room, do not begin to deliberate until you receive from the Deputy Clerk all the exhibits you are to consider and until she formally directs you to begin your deliberations.

I remind you that at the completion of your deliberations, the foreperson should communicate to the court through a signed note indicating that a verdict has been reached. **Please do not send me the verdict form.** Please remember that, in your note to me, you should not indicate what your verdict is, but merely state that a verdict has been reached. Then, have the foreperson bring the executed verdict form with him or her into court.