**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, "A.N." | : | NO. 3:02 CV 00780 (CFD) |
| V. | : | |
| EAST HAVEN BOARD OF EDUCATION | : | MAY 16, 2005 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

The defendant, East Haven Board of Education, respectfully submits this memorandum of law in support of its renewed motion for judgment. The defendant's motion should be granted due to the complete lack of evidence in support of the plaintiff's Title IX claim.

## I. Background

On May 6, 2002, the plaintiff, Jane Doe, brought this action pursuant to Title IX on behalf of her daughter, A.N.[1] The plaintiff claimed that the defendant Board of Education did nothing to protect A.N. from sexual harassment following her claim on

---

[1] The plaintiff also brought a reckless/intentional infliction of emotional distress claim against the defendant. However, prior to trial, the plaintiff withdrew this claim and pursued only the Title IX claim.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\RENEWED MOTION FOR JUDGMENT MEMO OF LAW 5-16-05.DOC

March 25, 2002 that she was sexually assaulted by two upperclassmen, Jonathan Toro and Robert Demars. The assault, which reportedly occurred in early January 2002 (possibly late December 2001) did not take place on school property.

During trial on this matter, the defendant moved pursuant to Federal Rule 50 for judgment as a matter of law on the plaintiff's Title IX claim. The Court denied said motion without prejudice. On May 6, 2005, the jury rendered its verdict finding that the defendant violated Title IX and awarded the plaintiff $100,000.

The defendant hereby renews its Motion for Judgment because the plaintiff failed to present any evidence of "sexual harassment," failed to present sufficient evidence that the defendants had actual notice of severe, pervasive and objectively offensive sexual harassment, and failed to present sufficient evidence that the defendant was deliberately indifferent to reports of A.N. being harassed. Judgment should therefore be entered in favor of the East Haven Board of Education.

## II. Legal Standard

The court "may direct a verdict where the evidence, viewed in the light most favorable to the nonmoving party, 'is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but on conclusion as to the verdict that reasonable men could have reached.'" Metromedia

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

Company v. Kluge, 983 F.2d 350, 359 (2d Cir. 1992). "Put differently, for judgment n.o.v. to be granted, there must be such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or … such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." Ettinger v. State University of New York State College of Optometry, 1998 WL 91089, *3 (S.D.N.Y. March 2, 1998) (citing Song v. Ives Lab. Inc., 957 F.2d 1041, 1046 (2d Cir. 1992)).

## III. Legal Analysis

### A. The plaintiff failed to present sufficient evidence that the defendant was deliberately indifferent to A.N.'s reports of harassment.[2]

In Davis v. Monroe County Board of Education, 526 U.S. 629 (1999), the United States Supreme Court held that school boards could be held liable pursuant to Title IX for student-on-student sexual harassment. However, the Court made clear that liability would exist only if the school board acted with "deliberate indifference to known acts of harassment in its programs or activities." Id. at 633. The Court stressed that deliberate

[2] For purposes of this argument, it is assumed that the plaintiff proved that A.N. suffered sexual harassment as required under Title IX. However, the defendant submits that the plaintiff failed in making such a showing and that argument is addressed in Section III(B) of this memorandum.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

indifference "does not mean that [school boards] can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action." Id. at 648. Importantly, the Court rejected the argument that Title IX requires school boards to expel every student accused of misconduct involving sexual overtones and also rejected the argument that victims of peer harassment have a Title IX right to make particular remedial demands. Id. In fact, the "courts should refrain from second-guessing the disciplinary decisions made by school administrators." Id.

The Court further held that the school board "must merely respond to known peer harassment in a manner that is not clearly unreasonable." Id. at 649. In this regard, it is "entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or statutory claims." Id.

The jury here found that the defendant violated Title IX despite the complete lack of evidence demonstrating that the defendant was *deliberately indifferent* to A.N.'s reports of problems with fellow students. Indeed, the evidence was wholly to the contrary. The uncontested evidence showed that A.N. reported the sexual assaults on March 25, 2002 and this lawsuit was served on the defendant roughly six weeks later on May 8, 2002. One week of vacation occurred during this time frame, thus reducing the relevant timeframe to roughly five weeks.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

During this short five-week time period, the school offered A.N. counseling to deal with the assaults themselves, the option of being home-schooled and, after she declined the offer for home-schooling, further offered her the option of staying in the guidance office rather than attend a class in which she felt uncomfortable. In addition, she was permitted to spend her lunch period in the guidance office if she chose, with a friend, rather than in the cafeteria where she sometimes felt uncomfortable. The evidence further showed that the school excused A.N.'s absences from class and provided her with a peer tutor and a private tutor at the school's expense for one of the classes for which she chose to stay in the guidance office. A.N. also received full credit for all of her courses.

Immediately following her report of the assault, school officials compared A.N.'s schedule with the schedules of Toro and Demars to determine the best ways to minimize and/or eliminate contact between A.N. and those students.[3] When A.N. complained that Demars visited the guidance office to speak with the secretary while A.N. was sitting in the main area, school officials offered A.N. a separate room to stay in to prevent any

---

[3] During this time, the alleged perpetrators had entered not-guilty pleas to the sexual assault charges. They entered nolo contendere pleas to the charges a year later (March 2003).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

possible contact with Demars while in the guidance office. Moreover, the evidence showed that school officials offered to pay for an evaluation by the Yale Child Study Center to assist A.N. in coping with her report of the sexual assaults and offered to pay for a security guard escort for A.N. while on school grounds.

With respect to A.N.'s complaints about problems with female classmates, school officials followed school procedure in handling complaints. A.N. testified that her guidance counselor, Alicia Melillo, required her to write a statement as to what transpired between her and the girls every time she reported a problem.[4] See Plaintiff's Exhibit 13, Defendant's Exhibits 23 and 24. Statements were also taken from the other students involved. See Defendant's Exhibit 25. Ms. Melillo and Elaine Miezerjewski (Assistant Principal) both testified that those reports were fully investigated and some of the girls were required to meet with school officials, their parents and an East Haven police officer in an effort to prevent any further problems among the female students.

When A.N. complained that she was struck with a tennis ball by a fellow student, school administrators investigated the incident and scheduled a meeting between the

---

[4] The jury also was provided with a police report dated May 2, 2002 demonstrating that the plaintiff was unwilling to give the names of students she claimed were giving her problems because she did not want any further arrests. See Defendant's Exhibit 16.

6

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\RENEWED MOTION FOR JUDGMENT MEMO OF LAW 5-16-05.DOC

student, school officials and an East Haven police officer to address the incident. See Defendant's Exhibit 19. When A.N.'s guidance counselor witnessed an incident between A.N. and yet another student, that student was suspended.

Notably, even though throughout this time period Demars and Toro were maintaining their innocence, the school allowed them to go homebound. Significantly, the school sought the plaintiff's permission to allow Demars and Toro to attend graduation. The defendant took this action despite the fact that it was not required to do so, A.N. was not graduating and A.N. never complained that Demars or Toro harassed her at all following the alleged assault.

Clearly, the evidence demonstrated that the defendant was not deliberately indifferent to A.N.'s complaints of harassment. Rather, the defendant went above and beyond that which it was required to do to assist A.N. Cf. C.R.K. v. U.S.D. 260, 176 F.Supp.2d 1145, 1164 (D.Kansas 2001) (although school might have been more aggressive to reports of harassment following student's report of sexual assault by fellow student, school board was not guilty of deliberate indifference under Title IX); Ostrander v. Duggan, 341 F.3d 745 (8th Cir. 2003) (school was not deliberately indifference when it conducted meetings with fraternity leaders and advised fraternity of need for investigation and education program following student's sexual assault report

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

by a fraternity member); Biggs v. Board of Education of Cecil County, 229 F.Supp.2d 437, 438-440, 445 (D. Maryland 2002) (plaintiff cannot demonstrate deliberate indifference where school board scheduled meetings with complaining student, alleged harassers and parents); Cubie v. Bryan Career College, Inc., 244 F.Supp.2d 1191, 1202-1203 (D.Kansas 2003) (expulsion of students is not the only way a school can show that it reacted reasonably). Since the plaintiff wholly failed to present a legally sufficient evidentiary basis upon which a jury could find deliberate indifference on the part of the defendant, the defendant is entitled to judgment in its favor.

B. The plaintiff failed to present evidence that A.N. was a victim of student-on-student ***sexual*** harassment.

In recognizing for the first time a cause of action under Title IX for student-on-student sexual harassment "in certain limited circumstances," the Davis Court made clear that "[w]hether gender-oriented conduct rises to the level of actionable 'harassment' thus 'depends on a constellation of surrounding circumstances, expectations, and relationships,' including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." Davis, 526 U.S. at 643, 651. (Internal citations omitted). The Court instructed other courts considering this issue to "bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults… It is thus understandable that, in the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." Id. at 651-652.

The Davis Court further held that whether the harasser is a teacher or a student impacts the analysis under Title IX. Specifically, the Court held that the "relationship between the harasser and the victim necessarily affects the extent to which the misconduct can be said to breach Title IX's guarantee of equal access to educational benefits and to have a systemic effect on a program or activity. Peer harassment, in particular, is less likely to satisfy these requirements than is teacher-student harassment." Id. at 653. Here, the plaintiff entirely failed to demonstrate this higher standard.

A close analysis of the conduct about which A.N. testified shows that her classmates may have been angered by A.N.'s claim that Toro and Demars assaulted her and her reporting that assault to the police, but that anger was not shown in the form of "sexual" harassment. The name-calling directed at A.N. was not based on her gender, but rather was based on the report that she had sex with two upperclassmen in the same day at Toro's house and her subsequent claim to the police that she was assaulted. The Davis Court's decision leaves no doubt that dirty looks and name-calling, even such

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

vulgar names as "bitch," "liar," "whore," "slut," and "cocksucker," do not constitute gender-based mistreatment. See also Manfredi v. Mount Vernon Board of Education, 94 F.Supp.2d 447, 453-454 (S.D.N.Y. 2000) (teasing, punching and poking incidents did not constitute sexual harassment); Seamons v. Snow, 84 F.3d 1226, 1232-1233 (10th Cir. 1996) (retaliation for reporting hazing incident does not constitute sexual harassment).

For example, in Benjamin v. Metropolitan School District of Lawrence Township, 2002 WL 977661 (S.D.Ind. March 27, 2002), a high school student claimed that after she ended a romantic relationship with a fellow student, that student and his friends began calling her "bitch," "slut" and "whore" as they passed her in the hallway at school. One student also told plaintiff that she "has a dick." Id. at 1. These comments were made by both male and female students towards the plaintiff, which led to several verbal arguments wherein the plaintiff also engaged in name-calling. Id. The plaintiff then sued the school district alleging a violation of Title IX. Id. at *2.

The Benjamin court found that such conduct does not constitute "sexual" harassment as a matter of law. Id. at *3. Specifically, the court found that "in order to be actionable, the offensive behavior must be based on sex, rather than personal animus or other reasons… The use of terms that have some sexual connotation does not necessarily show that there is discrimination based on the plaintiff's sex. Rather the



LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

plaintiff must show (1) that the conduct is motivated by sexual desire, (2) such sex-specific and derogatory terms as to make it clear that the harasser is motivated by general hostility to one sex, or (3) direct comparative evidence about how the alleged harasser treated members of both sexes." Id. (citing Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80-81 (1998) (internal citations omitted). As such, the court held that the plaintiff failed to present "evidence that the slurs were the result of [the plaintiff's] gender. The phrases 'bitch,' 'whore,' and 'slut,' although upsetting, do not appear to be based on gender bias, but rather [the plaintiff's ex-boyfriend] and his friends' personal animosity against" the plaintiff. Id. Accordingly, the name calling did "not rise to the level of actionable peer-on-peer sexual harassment under Title IX" and the defendant was entitled to judgment as a matter of law. Id. at *5. See also Galloway v. General Motors, 78 F.3d 1164, 1165, 1167-1168 (7th Cir. 1996) (ex-boyfriend's derogatory remarks to plaintiff such as "sick bitch," "if you don't want me, bitch, you won't have a damn thing," and "suck this bitch" while making an obscene gesture did not constitute "sexual harassment" because such conduct was not gender-related but, rather, reflected a personal animosity arising out of the failed relationship).

Likewise, in the present case, the plaintiff entirely failed to present any evidence that the conduct complained of was based on her gender. There was no evidence of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\RENEWED MOTION FOR JUDGMENT MEMO OF LAW 5-16-05.DOC

any of the students being motivated by sexual desire. There was no evidence that the name-calling was motivated by general hostility to one sex. In fact, most of A.N.'s complaints pertained to name-calling by fellow *female* students. Finally, there was no direct comparative evidence presented about how the alleged harassers treated members of both sexes. Instead, the evidence showed that the conduct at issue was motivated by A.N.'s involvement, and possible victimization, in an off-campus sexual assault and her subsequent report to the police. The plaintiff simply did not offer evidence of anything more than that. As such, there was no legal basis upon which a reasonable jury could conclude that the defendant violated Title IX.

C. The plaintiff failed to present sufficient evidence that the defendant had actual notice of severe, pervasive and objectively offensive sexual harassment that denied her equal access to educational resources and opportunities. [5]

The Davis Court held that "a plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." Davis,

[5] Again, this argument assumes that the plaintiff proved she was subjected to sexual harassment at all.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

526 U.S. at 651. In the present case, the plaintiff failed to present sufficient evidence that the defendant had actual notice of severe, pervasive and objectively offensive sexual harassment that denied her equal access to educational resources and opportunities.

First, A.N. and Jane Doe could not identify when A.N. had problems with fellow students. Their recollection as to the time frame of events was vague and unspecific even though the relevant time period totaled roughly five weeks. Second, the evidence showed that prior to May, 2002, A.N. did not make specific complaints to school officials of harassment problems with fellow female students. Rather, A.N. discussed problems in dealing with the criminal proceedings (i.e. having to testify regarding the details of the sexual assault), anxiety about more people knowing of the assaults and friction with her mother over pursuing the criminal compliant. It was not until May 2002 that A.N. began to report problems with fellow students. Further, A.N. admitted that every time she complained of a problem with a fellow female student, her guidance counselor took steps to ensure that school officials could, and did, investigate the incident. There were just three incidents reported by A.N. concerning problems with fellow female students; See Plaintiff's Exhibit 13, Defendant's Exhibits 23 and 24; and two with male students. Despite the fact that A.N. did not report the alleged assault to the school until March 25, 2002 and never once complained about "harassment" or problems with fellow students

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\RENEWED MOTION FOR JUDGMENT MEMO OF LAW 5-16-05.DOC

until May 2002, she served her complaint on the defendant Board on May 8, 2002. Considering the time frame alone, it is clear that A.N. simply could not establish that she was subjected to "sexual harassment that was so severe, pervasive, and objectively offensive, and that so undermine[d] and detract[ed]" from her educational experience, that she was "effectively denied equal access to an institution's resources and opportunities." Davis, 526 U.S. at 651.

Plaintiff's utter failure to sustain her required burden is further demonstrated by the undisputed evidence that A.N. suffered no decline in grades during the relevant time period. See Defendant's Exhibits 4 and 5. She was an A-B student prior to her report of the assault and an A-B student following the report (including her following school years). There was absolutely no evidence that she was involved in or even expressed an interest in extracurricular activities or programs at the school prior to her sexual assault report and subsequent withdrawal from such activities or programs.

Clearly, the plaintiff failed to demonstrate severe, pervasive and objectively offensive sexual harassment that effectively denied A.N. equal access to her school's resources and opportunities. Accordingly, the defendant is entitled to judgment as a matter of law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

## III. Conclusion

Accordingly, based on the foregoing, the defendant, East Haven Board of Education, respectfully requests that the Court enter judgment in its favor.

THE DEFENDANT
EAST HAVEN BOARD OF EDUCATION

BY: ______________________________

HUGH F. KEEFE, ESQ.
Lynch, Traub, Keefe & Errante, PC
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
(203) 787-0275
Federal Bar No. CT05106

## CERTIFICATION

I hereby certify that a copy of the above was sent via U.S. Mail on May 16, 2005 to all counsel and pro se parties of record as follows:

John R. Williams, Esq.
John R. Williams & Associates, LLC
51 Elm Street
New Haven, CT 06510
Fax: (203) 776-9494

Mr. Norman Pattis, Esq.
Law Offices of Norman A. Pattis, LLC
649 Amity Road, P.O. Box 280
Bethany, CT 06524
Fax: (203) 393-9745

______________________________
Hugh F. Keefe

15
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\RENEWED MOTION FOR JUDGMENT MEMO OF LAW 5-16-05.DOC