**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf | : | |
| of her minor daughter, "A.N." | : | NO. 3:02 CV 00780 (CFD) |
| V. | : | |
| EAST HAVEN BOARD OF EDUCATION | : | MAY 16, 2005 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO SET ASIDE JURY VERDICT & JUDGMENT**

The defendant, East Haven Board of Education, respectfully moves the Court to set aside the jury's verdict as it is legally and logically unsupported by the evidence.

**I.      Background**

On May 6, 2002, the plaintiff, Jane Doe, brought this action pursuant to Title IX on behalf of her daughter, A.N.[1]  The plaintiff claimed that the defendant Board of Education did nothing to protect A.N. from sexual harassment following her claim on March 25, 2002 that she was sexually assaulted by two upperclassmen, Jonathan Toro

---

[1] The plaintiff also brought a reckless/intentional infliction of emotional distress claim against the defendant. However, prior to trial, the plaintiff withdrew this claim and pursued only the Title IX claim.

1
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

and Robert Demars. The assault, which reportedly occurred in early January 2002 (possibly late December 2001) did not take place on school property.

On May 6, 2005, following four days of evidence, the jury found that the defendant violated Title IX and awarded the plaintiff $100,000.  The jury's verdict and award of damages must be set aside because the plaintiff failed to present any evidence of "sexual harassment," failed to present sufficient evidence that the defendants had actual notice of severe, pervasive and objectively offensive sexual harassment, and failed to present sufficient evidence that the defendant was deliberately indifferent to reports of A.N. being harassed.

In addition, the verdict and judgment should be set aside because this Court's instructions regarding what constitutes "deliberate indifference" were erroneous in that the instructions failed to include the following definition requested by the defendant:

Deliberate indifference" does **not** mean that the defendant must purge its schools of all actionable peer harassment or that the defendant's response ultimately must end all interaction between the harasser(s) and the plaintiff.  It also does not mean that the defendant's administrators must engage in particular disciplinary action. In other words, the defendant is not required to immediately suspend or expel a student accused of sexual harassment.  In this regard, it is entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or statutory claims by the disciplined student.  In essence, so long as the defendant's responsive strategy is one plausibly directed toward putting an end to the known harassment, the defendant cannot be found to have been deliberately indifferent.

2
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275    Facsimile (203) 782-0278

W:\16000-16999\16560 East Haven\030 Jane Doe vs. BOE Title IX\Pleadings\2005\Motion to Set Aside Memo of Law Final 5-16-05.doc

**II.      Legal Analysis**

A.      <u>The plaintiff failed to present sufficient evidence that the defendant was deliberately indifferent to A.N.'s reports of harassment.</u>[2]

In <u>Davis v. Monroe County Board of Education</u>, 526 U.S. 629 (1999), the United States Supreme Court held that school boards could be held liable pursuant to Title IX for student-on-student sexual harassment. However, the Court made clear that liability would exist only if the school board acted with "deliberate indifference to known acts of harassment in its programs or activities." <u>Id</u>. at 633. The Court stressed that deliberate indifference "does not mean that [school boards] can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action." <u>Id</u>. at 648. Importantly, the Court rejected the argument that Title IX requires school boards to expel every student accused of misconduct involving sexual overtones and also rejected the argument that victims of peer harassment have a Title IX right to make particular remedial demands. <u>Id</u>. In fact, the "courts should refrain from second-guessing the disciplinary decisions made by school administrators." <u>Id</u>.

---

[2] For purposes of this argument, it is assumed that the plaintiff proved that A.N. suffered sexual harassment as required under Title IX. However, the defendant submits that the plaintiff failed in making such a showing and that argument is addressed in Section II(B) of this memorandum.

3
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

The Court further held that the school board "must merely respond to known peer harassment in a manner that is not clearly unreasonable." Id. at 649. In this regard, it is "entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or statutory claims." Id.

The jury here found that the defendant violated Title IX despite the complete lack of evidence demonstrating that the defendant was *deliberately indifferent* to A.N.'s reports of problems with fellow students. Indeed, the evidence was wholly to the contrary. The uncontested evidence showed that A.N. reported the sexual assaults on March 25, 2002 and this lawsuit was served on the defendant roughly six weeks later on May 8, 2002. One week of vacation occurred during this time frame, thus reducing the relevant timeframe to roughly five weeks.

During this short five-week time period, the school offered A.N. counseling to deal with the assaults themselves, the option of being home-schooled and, after she declined the offer for home-schooling, further offered her the option of staying in the guidance office rather than attend a class in which she felt uncomfortable. In addition, she was permitted to spend her lunch period in the guidance office if she chose, with a friend, rather than in the cafeteria where she sometimes felt uncomfortable. The evidence further showed that the school excused A.N.'s absences from class and provided her with

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275     FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

a peer tutor and a private tutor at the school's expense for one of the classes for which she chose to stay in the guidance office. A.N. also received full credit for all of her courses.

Immediately following her report of the assault, school officials compared A.N.'s schedule with the schedules of Toro and Demars to determine the best ways to minimize and/or eliminate contact between A.N. and those students.[3] When A.N. complained that Demars visited the guidance office to speak with the secretary while A.N. was sitting in the main area, school officials offered A.N. a separate room to stay in to prevent any possible contact with Demars while in the guidance office. Moreover, the evidence showed that school officials offered to pay for an evaluation by the Yale Child Study Center to assist A.N. in coping with her report of the sexual assaults and offered to pay for a security guard escort for A.N. while on school grounds.

With respect to A.N.'s complaints about problems with female classmates, school officials followed school procedure in handling complaints. A.N. testified that her guidance counselor, Alicia Melillo, required her to write a statement as to what transpired

---

[3] During this time, the alleged perpetrators had entered not-guilty pleas to the sexual assault charges. They entered nolo contendere pleas to the charges a year later (March 2003).

5
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

between her and the girls <u>every</u> time she reported a problem.[4]  <u>See</u> Plaintiff's Exhibit 13, Defendant's Exhibits 23 and 24.  Statements were also taken from the other students involved.  <u>See</u> Defendant's Exhibit 25.  Ms. Melillo and Elaine Miezerjewski (Assistant Principal) both testified that those reports were fully investigated and some of the girls were required to meet with school officials, their parents and an East Haven police officer in an effort to prevent any further problems among the female students.

When A.N. complained that she was struck with a tennis ball by a fellow student, school administrators investigated the incident and scheduled a meeting between the student, school officials and an East Haven police officer to address the incident.  <u>See</u> Defendant's Exhibit 19.   When A.N.'s guidance counselor witnessed an incident between A.N. and yet another student, that student was suspended.

Notably, even though throughout this time period Demars and Toro were maintaining their innocence, the school allowed them to go homebound.  Significantly, the school sought the plaintiff's permission to allow Demars and Toro to attend graduation.  The defendant took this action despite the fact that it was not required to do

---

[4] The jury also was provided with a police report dated May 2, 2002 demonstrating that the plaintiff was unwilling to give the names of students she claimed were giving her problems because she did not want any further arrests.  <u>See</u> Defendant's Exhibit 16.

6
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275    facsimile (203) 782-0278

W:\16000-16999\16560 East Haven\030 Jane Doe vs. BOE Title IX\Pleadings\2005\Motion to Set Aside Memo of Law Final 5-16-05.doc

so, A.N. was not graduating and A.N. never complained that Demars or Toro harassed her at all following the alleged assault.

Clearly, the evidence demonstrated that the defendant was not deliberately indifferent to A.N.'s complaints of harassment.  Rather, the defendant went above and beyond that which it was required to do to assist A.N.   Cf. C.R.K. v. U.S.D. 260, 176 F.Supp.2d 1145, 1164 (D.Kansas 2001) (although school might have been more aggressive to reports of harassment following student's report of sexual assault by fellow student, school board was not guilty of deliberate indifference under Title IX); Ostrander v. Duggan, 341 F.3d 745 (8th Cir. 2003) (school was not deliberately indifference when it conducted meetings with fraternity leaders and advised fraternity of need for investigation and education program following student's sexual assault report by a fraternity member); Biggs v. Board of Education of Cecil County, 229 F.Supp.2d 437, 438-440, 445 (D. Maryland 2002) (plaintiff cannot demonstrate deliberate indifference where school board scheduled meetings with complaining student, alleged harassers and parents); Cubie v. Bryan Career College, Inc., 244 F.Supp.2d 1191, 1202-1203 (D.Kansas 2003) (expulsion of students is not the only way a school can show that it reacted reasonably). Accordingly, the verdict and judgment in the plaintiff's favor must be set aside because the plaintiff failed to sustain her burden of demonstrating deliberate indifference.

7
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

B.   <u>The plaintiff failed to present evidence that A.N. was a victim of student-on-student **_sexual_** harassment.</u>

In recognizing for the first time a cause of action under Title IX for student-on-student sexual harassment "in certain limited circumstances," the <u>Davis</u> Court made clear that "[w]hether gender-oriented conduct rises to the level of actionable 'harassment' thus 'depends on a constellation of surrounding circumstances, expectations, and relationships,' including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." <u>Davis</u>, 526 U.S. at 643, 651. (Internal citations omitted). The Court instructed other courts considering this issue to "bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults… It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." <u>Id</u>. at 651-652.

The <u>Davis</u> Court further held that whether the harasser is a teacher or a student impacts the analysis under Title IX. Specifically, the Court held that the "relationship between the harasser and the victim necessarily affects the extent to which the misconduct can be said to breach Title IX's guarantee of equal access to educational

8
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

benefits and to have a systemic effect on a program or activity. Peer harassment, in particular, is less likely to satisfy these requirements than is teacher-student harassment." Id. at 653. Here, the plaintiff entirely failed to demonstrate this higher standard.

A close analysis of the conduct about which A.N. testified shows that her classmates may have been angered by A.N.'s claim that Toro and Demars assaulted her and her reporting that assault to the police, but that anger was not shown in the form of "sexual" harassment. The name-calling directed at A.N. was not based on her gender, but rather was based on the report that she had sex with two upperclassmen in the same day at Toro's house and her subsequent claim to the police that she was assaulted. The Davis Court's decision leaves no doubt that dirty looks and name-calling, even such vulgar names as "bitch," "liar," "whore," "slut," and "cocksucker," do not constitute gender-based mistreatment. See also Manfredi v. Mount Vernon Board of Education, 94 F.Supp.2d 447, 453-454 (S.D.N.Y. 2000) (teasing, punching and poking incidents did not constitute sexual harassment); Seamons v. Snow, 84 F.3d 1226, 1232-1233 (10th Cir. 1996) (retaliation for reporting hazing incident does not constitute sexual harassment).

For example, in Benjamin v. Metropolitan School District of Lawrence Township, 2002 WL 977661 (S.D.Ind. March 27, 2002), a high school student claimed that after she ended a romantic relationship with a fellow student, that student and his friends began

9
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

calling her "bitch," "slut" and "whore" as they passed her in the hallway at school.  One student also told plaintiff that she "has a dick."  Id. at 1.  These comments were made by both male and female students towards the plaintiff, which led to several verbal arguments wherein the plaintiff also engaged in name-calling.  Id.  The plaintiff then sued the school district alleging a violation of Title IX.  Id. at *2.

The Benjamin court found that such conduct does not constitute "sexual" harassment as a matter of law.  Id. at *3.  Specifically, the court found that "in order to be actionable, the offensive behavior must be based on sex, rather than personal animus or other reasons…  The use of terms that have some sexual connotation does not necessarily show that there is discrimination based on the plaintiff's sex.  Rather the plaintiff must show (1) that the conduct is motivated by sexual desire, (2) such sex-specific and derogatory terms as to make it clear that the harasser is motivated by general hostility to one sex, or (3) direct comparative evidence about how the alleged harasser treated members of both sexes."  Id.  (citing Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80-81 (1998) (internal citations omitted).  As such, the court held that the plaintiff failed to present "evidence that the slurs were the result of [the plaintiff's] gender.  The phrases 'bitch,' 'whore,' and 'slut,' although upsetting, do not appear to be based on gender bias, but rather [the plaintiff's ex-boyfriend] and his friends' personal

10
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

animosity against" the plaintiff.  Id.  Accordingly, the name calling did "not rise to the level of actionable peer-on-peer sexual harassment under Title IX" and the defendant was entitled to judgment as a matter of law.  Id. at *5. See also Galloway v. General Motors, 78 F.3d 1164, 1165, 1167-1168 (7th Cir. 1996) (ex-boyfriend's derogatory remarks to plaintiff such as "sick bitch," "if you don't want me, bitch, you won't have a damn thing," and "suck this bitch" while making an obscene gesture did not constitute "sexual harassment" because such conduct was not gender-related but, rather, reflected a personal animosity arising out of the failed relationship).

      Likewise, in the present case, the plaintiff entirely failed to present any evidence that the conduct complained of was based on her gender.  There was no evidence of any of the students being motivated by sexual desire.  There was no evidence that the name-calling was motivated by general hostility to one sex. In fact, most of A.N.'s complaints pertained to name-calling by fellow *female* students. Finally, there was no direct comparative evidence presented about how the alleged harassers treated members of both sexes.  Instead, the evidence showed that the conduct at issue was motivated by A.N.'s involvement, and possible victimization, in an off-campus sexual assault and her subsequent report to the police.  The plaintiff simply did not offer evidence of anything more than that.  As such, the verdict and judgment should be set aside.

11
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

C.  <u>The plaintiff failed to present sufficient evidence that the defendant had actual notice of severe, pervasive and objectively offensive sexual harassment that denied her equal access to educational resources and opportunities.</u>[5]

The <u>Davis</u> Court held that "a plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." <u>Davis</u>, 526 U.S. at 651.  In the present case, the plaintiff failed to present sufficient evidence that the defendant had actual notice of severe, pervasive and objectively offensive sexual harassment that denied her equal access to educational resources and opportunities.

First, A.N. and Jane Doe could not identify when A.N. had problems with fellow students.  Their recollection as to the time frame of events was vague and unspecific even though the relevant time period totaled roughly five weeks. Second, the evidence showed that prior to May, 2002, A.N. did not make specific complaints to school officials of harassment problems with fellow female students.  Rather, A.N. discussed problems in dealing with the criminal proceedings (i.e. having to testify regarding the details of the sexual assault), anxiety about more people knowing of the assaults and friction with her

---

[5] Again, this argument assumes that the plaintiff proved she was subjected to sexual harassment at all.

12
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

mother over pursuing the criminal compliant.  It was not until May 2002 that A.N. began to report problems with fellow students.   Further, A.N. admitted that every time she complained of a problem with a fellow female student, her guidance counselor took steps to ensure that school officials could, and did, investigate the incident.   There were just three incidents reported by A.N. concerning problems with fellow female students; See Plaintiff's Exhibit 13, Defendant's Exhibits 23 and 24; and two with male students.  Despite the fact that A.N. did not report the alleged assault to the school until March 25, 2002 and never once complained about "harassment" or problems with fellow students until May 2002, she served her complaint on the defendant Board on May 8, 2002.  Considering the time frame alone, it is clear that A.N. simply could not establish that she was subjected to "sexual harassment that was so severe, pervasive, and objectively offensive, and that so undermine[d] and detract[ed]" from her educational experience, that she was "effectively denied equal access to an institution's resources and opportunities."  Davis, 526 U.S. at 651.

   Plaintiff's utter failure to sustain her required burden is further demonstrated by the undisputed evidence that A.N. suffered no decline in grades during the relevant time period.  See Defendant's Exhibits 4 and 5.  She was an A-B student prior to her report of the assault and an A-B student following the report (including her following school years).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

There was absolutely no evidence that she was involved in or even expressed an interest in extracurricular activities or programs at the school prior to her sexual assault report and subsequent withdrawal from such activities or programs.

Clearly, the plaintiff failed to demonstrate severe, pervasive and objectively offensive sexual harassment that effectively denied A.N. equal access to her school's resources and opportunities. Accordingly, the jury's verdict and judgment must be set aside.

D.      This Court's jury instruction regarding "deliberate indifference" was erroneous.

When instructing the jury regarding Title IX, this Court explained the "deliberate indifference" requirement as follows:

> Finally, in order to find the Defendant liable, the Plaintiff must prove that the Defendant Board of Education, upon receiving actual notice, was "deliberately indifferent" to the harassment. The United States Supreme Court has held that a Title IX defendant should be found deliberately indifferent only where its "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances. The deliberate indifference standard "does not mean that [the Defendant] can avoid liability only by purging [its] schools of actionable peer harassment or that administrators must engage in particular disciplinary action," but simply that a defendant must respond to acts of known peer harassment in a manner that is not clearly unreasonable.

During the charge conference and following this Court's instructions to the jury, the defendant requested that this Court further articulate the meaning of "deliberate

14
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

indifference" under Title IX. Specifically, the defendant requested the following instruction to be added:

> Deliberate indifference" does **not** mean that the defendant must purge its schools of all actionable peer harassment or that the defendant's response ultimately must end all interaction between the harasser(s) and the plaintiff. It also does not mean that the defendant's administrators must engage in particular disciplinary action. In other words, the defendant is not required to immediately suspend or expel a student accused of sexual harassment. In this regard, it is entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or statutory claims by the disciplined student. In essence, so long as the defendant's responsive strategy is one plausibly directed toward putting an end to the known harassment, the defendant cannot be found to have been deliberately indifferent.

In light of the plaintiff's complaint that the school did not expel Toro and Demars during a time they had entered not-guilty pleas to the assault charges, the defendant was entitled to this instruction. It was important and necessary for the jury to understand that Title IX does not require the defendant to end all interaction between A.N. and the upperclassmen and that the defendant was entitled to refrain from expelling the upperclassmen in light of the fact that such may infringe on those students' rights. This is particularly true here where Toro and Demars were not even the alleged "harassers." The Court's failure to provide the requested instruction was, therefore, respectfully in error. Thus, the jury verdict and judgment must be set aside.

15
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

### III.     Conclusion

Accordingly, based on the foregoing, the verdict, $100,000 award and judgment in favor of the plaintiff must be set aside and a new trial ordered.

<div style="margin-left: 40%">

THE DEFENDANT
EAST HAVEN BOARD OF EDUCATION


BY: _____
HUGH F. KEEFE, ESQ.
Lynch, Traub, Keefe & Errante, PC
52 Trumbull Street,
P.O. Box 1612
New Haven, CT 06596
(203) 787-0275
Federal Bar No. CT05106

</div>

16
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC

## **CERTIFICATION**

I hereby certify that a copy of the above was sent via U.S. mail on May 16, 2005 to all counsel and pro se parties of record as follows:

| | |
|---|---|
| John R. Williams, Esq.<br>John R. Williams & Associates, LLC<br>51 Elm Street<br>New Haven, CT 06510<br>Fax: (203) 776-9494 | Mr. Norman Pattis, Esq.<br>Law Offices of Norman A. Pattis, LLC<br>649 Amity Road, P.O. Box 280<br>Bethany, CT 06524<br>Fax: (203) 393-9745 |

_____
Hugh F. Keefe

17
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2005\MOTION TO SET ASIDE MEMO OF LAW FINAL 5-16-05.DOC