UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf<br>of her minor daughter, "A.N." | : | |
| VS. | : | NO. 3:02CV780(CFD) |
| EAST HAVEN BOARD OF EDUCATION | : | JUNE 5, 2005 |

### BRIEF IN OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION TO SET ASIDE VERDICT AND JUDGMENT

The defendant has filed two virtually identical motions and two virtually identical supporting memoranda. One of these is entitled *Renewed Motion for Judgment as a Matter of Law* and the other is entitled *Motion to Set Aside Jury Verdict & Judgment*. Because they are identical in all important respects, the plaintiff submits this single memorandum in opposition to both.

### THE LEGAL STANDARD APPLICABLE

"In ruling on a motion for judgment as a matter of law under Fed.R.Civ.P. 50(b), a district court must consider the evidence in the light most favorable to the non-movant, giving that party the benefit of all reasonable, favorable inferences the jury might have drawn from the evidence....The trial court is not to consider the credibility of the witnesses or otherwise assess the weight of conflicting evidence, since that function is given to the jury....Only when no evidence exists to support the jury's verdict and the verdict it reached could have been based on nothing more

1

than surmise and conjecture or where there is such overwhelming evidence in favor of the movant that reasonable and fair-minded jurors could not arrive at a verdict against the movant, may a trial court properly grant a motion to set aside a jury verdict....The same standard governs appellate review of the grant of such judgment."  Jones v. Spentonbush-Red Star Co, 155 F.3d 587 (2d Cir. 1998) (citations omitted).

"In evaluating a motion under this provision, a trial court 'cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.'  Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 60 (2d Cir. 1993).  In other words, 'either there must be such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result o[f] sheer surmise and conjecture or the evidence must be so overwhelming that reasonable and fair-minded persons could only have reached the opposite result.'"  Hardy v. Saliva Diagnostic Systems, Inc., 52 F. Supp. 2d 333, 337 (D. Conn. 1999), citing Concerned Residents for Envirn. v. Southview Farm, 34 F.3d 114, 117 (2d Cir. 1994); Stubbs v. Dudley, 849 F.2d 83, 85 (2d Cir. 1988).

"Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor.  In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.  Thus, judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence

supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it."  Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998).  Quoted in National Communications Association, Inc. v. AT&T Corp., 238 F.3d 124, 127 (2d Cir. 2001).  *Cf.*, Raniola v. Bratton, 243 F.3d 610, 616 (2d Cir. 2001).

### *SEXUAL HARASSMENT UNDER TITLE IX*

Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688 "prohibits gender-based discrimination in a wide array of programs and activities undertaken by educational institutions....The statute's enforcement machinery includes an implied private right of action....*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 283-84 (1998).....[S]exual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX."  Frazier v. Fairhaven School Committee, 276 F.3d 52, 65 (1st Cir. 2002).  Such a violation is present when the victim's school experience is "permeated with discriminatory intimidation, ridicule, and insult" sufficiently severe to compromise the educational experience.  *Ibid.*; Brown v. Hot, Sexy & Safer Productions, 68 F.3d 525, 540 (1st Cir. 1995).  The school must have actual knowledge and be deliberately indifferent to the rights of the student at risk from such harassment. *E.g.*, Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998); Bruneau v. South Kortright Central School District, 163 F.3d 749 (2d Cir. 1998); Frazier v. Fairhaven School

Committee, 276 F.3d 52, 65 (1st Cir. 2002); Warren ex rel. Good v. Reading School District, 278 F.3d 163 (3d Cir. 2002); Baynard v. Malone, 268 F.3d 228 (4th Cir. 2001); Doe v. Dallas Independent School District, 153 F.3d 211 (5th Cir. 1998); Vance v. Spencer County Public School District, 231 F.3d 253 (6th Cir. 2000).

### *The Plaintiff's Daughter Was Subjected To Sexual Harassment*

The victim in this case was gang-raped by two upperclassmen. Such conduct, as a matter of law, constitutes sexual harassment within the meaning of Title IX. Brzonkala v. Virginia Polytechnic Institute, 132 F.3d 949, 959 (4th Cir. 1997). *See also* Vance v. Spencer County Public School District, 231 F.3d 253 (6th Cir. 2000). The fact that the conduct took place off campus is irrelevant. No case has held that the location of the student-on-student sexual harassment is dispositive of whether it constitutes sexual harassment within the meaning of Title IX. The issue is whether the school administration was aware of it and, if aware, took reasonable steps to remedy the harassment.

The rape was thereafter followed by student-on-student retaliation against the victim for reporting the rape. Retaliation for complaining about sexual harassment is prohibited by Title IX, and actionable thereunder. Jackson v. Birmingham Board of Education, _____ U.S. _____ (2005).

The retaliation itself was gender-based, although a finding that the retaliation was separately gender-based is unnecessary. The evidence which permitted this jury to conclude that the retaliation was independently gender-based, even without consideration of the fact that it consisted of retaliation for complaining about sexual

harassment, includes the clearly gender-specific language used by many of the student perpetrators.  The use of such words as "bitch" or "slut" permits an inference that the verbal harassment is gender-based.  Carter v. Chrysler Corp., 173 F.3d 693, 700 (8th Cir. 1999); Williams v. General Motors Corp., 187 F.3d 553, 565-66 (6th Cir. 1999).  Moreover, verbal abuse can constitute sexual harassment even if no gender-specific words are used.  Quick v. Donaldson Co., 90 F.3d 1372, 1379 (8th Cir. 1996); Carter v. Chrysler Corp., *supra*, 173 F.3d at 700-01.  The fact that many of the perpetrators were of the same sex as the victim is irrelevant.  Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 79 (1998); Doe v. Dallas Independent School District, 153 F.3d 211, 219 (5th Cir. 1998).

### *There Was Sufficient Evidence That The Defendant Had Actual Notice Of The Harassment Being Inflicted Upon The Victim*

The testimony of the victim, the testimony of the plaintiff, the police report which became a full exhibit after it was disclosed mid-trial by Attorney Keefe, and even the testimony of the guidance counselor herself, all substantiated that the victim and her mother repeatedly complained, over and over, about the harassment to which she was being subjected and that these complaints again and again went to the principal and the superintendent of schools, neither of whom came to court to deny their knowledge.  In fact, the head of discipline for the school admitted to the police on May 2 that he had been well aware of the problem for some time.  The gang-rape, of course, was disclosed in March.  The jury certainly had enough evidence to find actual knowledge on the part of the school administration.

### ***There Was Sufficient Evidence To Support A Finding Of Deliberate Indifference To The Harassment Of The Victim***

The defendant's briefs make the same fatal analytical error as the defendant's trial strategy: The defendant asks the court to consider, as evidence of its supposedly appropriate response to the harassment of the victim, all the things it did for her *after the suit was filed.* This case is not about what was done after the suit was filed.[1] This case is about what was *not* done *before* the suit was filed. By the time suit was filed, the victim had been driven to the point of threatening suicide by the defendant's deliberate refusal to protect her from harassment so pervasive that it dominated her entire school experience.

Before the suit was filed, it was the deliberate and stated position of the defendant that it absolutely would not seek to remove the confessed[2] rapists from school and that, if the victim found that uncomfortable, she could have the choice of isolating herself from the school experience by staying home and getting a tutor or by staying in the guidance office (to which, however, the rapists were given access). Before the suit was filed, the school principal - knowing that the victim had been harassed continually for her rape complaint by the friends of the rapists - made a conscious and stated decision, in the face of warnings by the plaintiff and by the

---

[1] Post-filing actions listed by the defendant include the offer of counseling, the Yale Child Study Center offer, the taking of written statements from various students, meetings between police officers and student perpetrators of harassment, suspension of a student for harassment, putting the rapists into homebound education, and seeking the plaintiff's permission for the rapists to attend graduation.

[2] The defendant notes that the rapists initially pled not guilty, but fails to note that the two men (aged 17 and 18 at the time) were bragging in school about having had sex with the 15-year-old victim – rape by definition under Connecticut law even without the element of force of which the perpetrators later were convicted.

school counselor herself, to allow the newspaper with a front-page article, complete with photographs, reporting the arrest of these men as a result of the victim's complaint, to be circulated throughout the entire school. In fact, the evidence permitted the jury to find that a teacher or administrator then used the school copying machine to make still more copies of the article when the stack of newspapers ran out. One of those articles actually was posted on the door to the school's media center.

The evidence showed that the victim was devastated by these events, and by the constant verbal, and occasionally physical, abuse directed against her on a daily basis throughout the school - to all of which the defendant consciously chose to turn a blind eye.

### *The Allegedly Inadequate Jury Charge*

Demonstrating a certain desperation, the defendant faults the court for charging the jury on every point it requested but for using words of the court's choosing rather than the precise words selected by the defendant. This argument is unworthy of serious consideration. The defendant has not pointed to a single respect in which the court's charge was contrary to the law. The selection of particular words to convey an admittedly correct statement of the law cannot be the basis for setting aside a verdict.

*<u>Conclusion</u>*

At the time of the events under consideration in this case, the victim was a child who was in the care of the defendant school system. A child, she was the victim of a gang rape by two upper classmen who openly bragged about what they had done at the high school which the defendant operated. The defendant, learning about this, knowing that the police had investigated, found probable cause and made arrests for rape, informed the victim and her mother that the rapists' senior year experience must be protected and that she, if she didn't like it, could either leave school or leave the classroom. The defendant thereafter tolerated a continuous pattern of mostly verbal, and occasionally physical, harassment directed against the victim by the friends of the rapists in an effort to coerce her into dropping the charges against them. When that campaign of harassment failed and the rapists were arrested, the defendant made a conscious choice to circulate throughout the school the newspaper article detailing the arrests and the fact that a freshman girl at the school was the complaining party.

A school district with knowledge of facts like these, "must respond and must do so reasonably in light of the known circumstances. Thus, where a school district has knowledge that its remedial action is inadequate and ineffective, it is required to take reasonable action in light of those circumstances to eliminate the behavior. Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonably in light of the known circumstances." <u>Vance v. Spencer County Public School District</u>, 231 F.3d 253, 261 (6th Cir. 2000) (citing OCR Title IX

Guidelines, 62 Fed. Reg. 12034 at 12042 (1997)).  What the defendant consciously chose to do in this case permitted for more than a month before suit was filed the victim's freshman year high school experience to be so contaminated as to "compromise or interfere with educational opportunities normally available to students."  <u>Frazier v. Fairhaven School Committee</u>, 276 F.3d 52, 65 (1st Cir. 2002).

The defendant's motions must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
TELEPHONE:  203.562.9931
FAX:  203.776.9494
E-MAIL:  jrw@johnrwilliams.com
Plaintiff's Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy hereof was mailed to Attorneys Hugh F. Keefe and Nancy Fitzpatrick, 52 Trumbull Street, New Haven, CT 06596.

_____
JOHN R. WILLIAMS