UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE, suing by and on behalf      :
of her minor daughter, "A.N."         :  NO. 3:02 CV 00780 (CFD)

V.                   :

EAST HAVEN BOARD OF EDUCATION    :  FEBRUARY 22, 2006

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND
DEFENDANT'S MOTION TO SET ASIDE JURY VERDICT & JUDGMENT**

  Pursuant to this Court's order during the 2/10/06 hearing, the defendant, East Haven Board of Education, respectfully submits this supplemental memorandum in support of its Renewed Motion for Judgment as a Matter of Law and Motion to Set Aside the Jury Verdict and Judgment both dated 5/16/05. Specifically, this Court requested that counsel submit a summary of the testimony supportive of the arguments regarding whether the defendant was deliberately indifferent to the sexual harassment suffered by A.N.[1]

---

[1] For purposes of this argument, it is assumed that the plaintiff proved that A.N. suffered sexual harassment as required under Title IX. However, the defendant submits

1

Lynch, Traub, Keefe and Errante, p. c.  Attorneys at Law
52 Trumbull Street  p.o. box 1612  New Haven, Connecticut 06506-1612
telephone (203) 787-0275  facsimile (203) 782-0278

W:\16000-16999\16560 Town of East Haven\030 Jane Doe vs. BOE Title IX\Pleadings\2006\Supplemental Brief 2-06.doc

As this Court is aware, the plaintiff had the burden during trial to prove that the defendant acted with "deliberate indifference to known acts of harassment." Davis v. Monroe County Board of Education, 526 U.S. 629 (1999). In other words, the plaintiff was required to prove that the defendant's response to A.N.'s reports of harassment was "clearly unreasonable." Id. at 649. A review of the evidence in this matter demonstrates that the plaintiff did not satisfy her burden of proof. The evidence, as outlined below, actually shows a lack of deliberate indifference.

First, the time frame within which the defendant had to respond to any reports of sexual harassment is very brief. A.N. reported to school officials that she was sexually assaulted by two upperclassmen, Jonathan Toro and Robert Demars, on March 25, 2002 (which instigated the alleged harassment) and plaintiff filed this lawsuit on May 6, 2002. (May 2, 2005 Trial Transcript, pp. 110, 135-136). The evidence at trial demonstrated that school was not in session from April 15, 2002 through April 19, 2002 because of spring vacation and was not in session on May 3, 2002 because of professional development. (May 2, 2005 Trial Transcript, pp. 196; May 4, 2005 Trial Transcript, pp. 44-45). Taking

---

that the plaintiff failed to make such a showing. This argument is fully set forth in the memorandums of law in support of the two motions at issue.

2
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

these days and weekends away leaves only **23 days** for the claimed harassment to occur, reports of the harassment to be made to the defendant and for the defendant to respond to such reports.

Second, during this brief time period, the defendant took several steps to respond to A.N.'s complaints.  On the date of the sexual assault report, school administrators compared A.N.'s schedule to Toro and Demars' schedules to determine whether they shared any classes or would be in the hallways together.  (May 3, 2005 Trial Transcript, pp. 173-175; May 4, 2005 Trial Transcript, pg. 37).

The school also gave A.N. the **option** to do her schoolwork and eat lunch in the guidance office rather than attend lunch or classes that she felt uncomfortable in.  (May 2, 2005 Trial Transcript, pp. 122, 179; May 3, 2005 Trial Transcript, pp. 99, 128-129).  A.N.'s guidance counselor, Alicia Melillo, provided A.N. with a special pass to allow her to exercise this option.  (May 4, 205 Trial Transcript, pg. 39).  In fact, the evidence demonstrated that A.N. exercised this option repeatedly by meeting with Mrs. Melillo every day that both were present in the school.  (May 3, 2005 Trial Transcript, pg. 86).  Specifically, they met on the following days:  March 25-29, 2002; April 1-4, 2002; April 8-12, 2002; April 26, 2002; April 29, 2002; May 6-10, 2002; May 13-17, 2002; May 20-24,

3
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275   facsimile (203) 782-0278

W:\16000-16999\16560 Town of East Haven\030 Jane Doe vs. BOE Title IX\Pleadings\2006\Supplemental Brief 2-06.doc

2002; May 28-31, 2002; June 4-6, 2002; and, June 13, 2002.  (May 4, 2005 Trial Transcript, pp. 44-46, 48, 50-51, 73-77).  The defendant excused A.N.'s absences from class during this time and awarded her full credit for her courses despite the absences.  (May 2, 2005 Trial Transcript, pp. 215-216; Defendant's Exhibits 1, 2 and 3).

In addition to Mrs. Melillo, other school administrators met with the plaintiff and A.N. to discuss A.N.'s issues.  Specifically, Dr. John Smith, the principal of East Haven High School, met with the plaintiff and A.N. on at least five occasions during the time period described above.  (May 2, 2005 Trial Transcript, pp. 195-196).  Ms. Elaine Mierzejewski, the assistant principal of East Haven High School, met with the plaintiff and A.N. on at least two occasions.  (May 3, 2005 Trial Transcript, pp. 95-96).  The school psychologist, Ms. Elizabeth Mazzu, and the school social worker, Mr. Phil Manciaro, also met with the plaintiff and A.N. during this time.  (May 3, 2005 Trial Transcript, pg. 96).

Additionally, plaintiffs testified that during this time period Mrs. Melillo escorted A.N. to her locker on one occasion.  (May 2, 2005 Trial Transcript, pg. 195).  While walking to the locker, another student, Andrew Consiglio, made barking noises at A.N.  (May 2, 2005 Trial Transcript, pp. 206-207).  In response, the defendant

4
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

W:\16000-16999\16560 Town of East Haven\030 Jane Doe vs. BOE Title IX\Pleadings\2006\Supplemental Brief 2-06.doc

suspended Mr. Consiglio. (May 2, 2005 Trial Transcript, pg. 207; May 3, 2005 Trial Transcript, pg. 110).

On another occasion, A.N. complained that Mr. Demars was present on 2-3 occasions in the guidance office while she was in there. (May 2, 2005 Trial Transcript, pp. 213-214). In response, the defendant offered A.N. a separate room in the guidance office to sit and do her schoolwork. (May 2, 2005 Trial Transcript, pg. 214). A.N. disliked this offer because it was "a room at the back, no window, a secluded little room. Nobody even knows about the room" and, accordingly, rejected the offer. (May 3, 2005 Trial Transcript, pp. 98-99).

A.N. also complained that while sitting at a table in the guidance office, a fellow student that was dating Mr. Toro, Stephanie Redente, would bring in pictures of her and Mr. Toro and comment to her friends about what a good kid he was. (May 3, 2005 Trial Transcript, pp. 57-58). Again, the defendant offered A.N. a separate room in the guidance office to sit and A.N. rejected the offer. (May 3, 2005 Trial Transcript, pg. 58). Moreover, Mrs. Mierzejewski spoke and met with both Stephanie Redente and her guidance counsel, Mr. Albis, to stop and straighten out the situation with A.N. (May 3, 2005 Trial Transcript, pp. 217-218).

5
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

The defendant's response to A.N.'s issues continued throughout the remainder of the school year.  In addition to the above, the defendant assigned A.N. a tutor for Spanish,[2] offered A.N. homebound instruction,[3] offered A.N. a security guard to protect her on school grounds,[4] and conducted meetings with police officers, fellow students and their parents in an effort to stop any problem A.N. was having with the students.[5] The plaintiff and A.N. rejected the defendant's offers for homebound instruction and a security guard.   (May 2, 2005 Trial Transcript, pp. 194-195; May 3, 2005 Trial Transcript, pp. 125-126).

Per the plaintiff's request, Mrs. Mierzejewski spoke with and sent a memo on May 10, 2005 to A.N.'s teachers to "be diligent of student interactions in the class period we discussed" and "to make sure that your classroom environment does not allow harassment." (May 2, 2005 Trial Transcript, pp. 129, 214-215; May 3, 2005 Trial Transcript, pp. 189-190; Defendant's Exhibit 7).  Furthermore, the defendant offered to pay for a psychiatric evaluation of A.N. at the Yale Child Study Center, which the

---

[2] May 3, 2005 Trial Transcript, pg. 127.
[3] May 2, 2005 Trial Transcript, pg. 214; May 3, 2005 Trial Transcript, pg. 125-126.
[4] May 3, 2005 Trial Transcript, pp. 52-53, 128.

6
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

plaintiff rejected. (May 2, 2005 Trial Transcript, pp. 211-212; May 3, 2005 Trial Transcript, pg. 198).  Also, school administrators, despite not having an obligation to do so, contacted the plaintiff to see if she or A.N. had any objection to Mr. Toro and Mr. Demars attending their graduation.  (May 3, 2005 Trial Transcript, pg. 22).  Lastly, school administrators brought a police officer to meet with a fellow student, Roger Maldonado, to address A.N.'s complaint that he threw a tennis ball at her in the school stairwell.  (May 3, 2005 Trial Transcript, pp. 106-107, 186).

Essentially, the plaintiff's claim is that her demands as to what she wanted the defendant's response to be were not met and that some of the actions taken by the defendant did not happen fast enough.  For instance, the plaintiff testified as follows:

> Q:   Now, ma'am, you went to the East Haven administration with certain demands you told us about, right?
> A:   Uh-huh.
> Q:   And you were very upset when your demands were not met, correct?
> A:   Demands were not met, correct.  Yes.
> Q:   They didn't agree with you?
> A:   Right, they didn't agree with anything.

(May 2, 2005 Trial Transcript, pg. 184, lines 9-16).

---

[5] May 2, 2005 Trial Transcript, pp. 197-198; May 3, 2005 Trial Transcript, pp. 92-93, 183-

7
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

Specifically, the plaintiff demanded that the defendant hold an assembly of the staff, which the defendant refused to do because school administrators thought that an assembly would draw more attention to the problem. (May 2, 2005 Trial Transcript, pp. 187-188). Plaintiff demanded that the defendant not distribute and/or confiscate newspapers at the high school on the day an article appeared regarding Mr. Toro and Mr. Demars' arrest, which the defendant refused to do because of First Amendment issues of the other students. (May 2, 2005 Trial Transcript, pp. 188-192). Plaintiff also demanded that every person who called A.N. a name be suspended, which the defendant also refused to do because they could not suspend everyone A.N. claimed to have a problem with. (May 2, 2005 Trial Transcript, pp. 192-193).

Notwithstanding, some of the plaintiff's demands were in fact met by the defendant but the plaintiff's claim is that such was not done fast enough. For instance, the plaintiff testified that she wanted Mr. Toro and Mr. Demars removed from the school. (May 2, 2005 Trial Transcript, pg. 149, lines 10-12). The defendant could not remove the students at the time because they had entered not guilty pleas. (May 2, 2005 Trial Transcript, pp. 184-187). However, the defendant did grant both men permission

184.

8
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

and incurred the cost of allowing them to finish their senior year by homebound instruction as of May 15, 2002. (May 4, 2005 Trial Transcript, pg. 53). In regards to fellow students calling A.N. names, the defendant had meetings with the fellow students, their parents and police officers. A.N. testified that she was aware that such took place but it should have happened earlier. (May 3, 2005 Trial Transcript, pp. 92-94).

The law is clear that a claim like the plaintiff's claim – namely, one that the defendant did not institute steps the plaintiff requested and took longer to institute other steps that the plaintiff desired – does not establish liability under Title IX. The U.S. Supreme Court stressed that its conclusion "that recipients may be liable for their deliberate indifference to known acts of peer sexual harassment does not mean that recipients can avoid liability only by purging their schools of actionable peer harassment or that administrators must engage in particular disciplinary action." (Davis v. Monroe County Board, 526 U.S. 629, 648 (1999). The Davis court entirely rejected the claim that "nothing short of expulsion of every student accused of misconduct involving sexual overtones would protect school systems from liability or damages" and held that victims of peer harassment have **no** "Title IX right to make

9
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

particular remedial demands." Id. In fact, held the Davis court, "courts should refrain from second-guessing the disciplinary decisions made by school administrators." Id.

In the present case, the defendant took various steps during the 23 days of school before this lawsuit and thereafter to address the plaintiff's concerns and complaints. This is not a case where the student's complaints were ignored and not addressed in any manner. Rather, it is a case where school administrators and a student's parent disagreed with the correct approach to address the situation. Accordingly, the plaintiff has not and cannot demonstrate the necessary element that the defendant was deliberately indifferent. As such, the defendant's post-verdict motions should be granted.

THE DEFENDANT
EAST HAVEN BOARD OF EDUCATION


BY: _____
HUGH F. KEEFE, ESQ.
Federal Bar No. CT05106
NANCY FITZPATRICK MYERS, ESQ.
Federal Bar No. CT 24353
Lynch, Traub, Keefe & Errante, PC
52 Trumbull Street, P.O. Box 1612
New Haven, CT 06596
(203) 787-0275

10
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC

## CERTIFICATION

I hereby certify that a copy of the above was sent via U.S. mail on February 22, 2006 to all counsel and pro se parties of record as follows:

| | |
|---|---|
| John R. Williams, Esq. | Mr. Norman Pattis, Esq. |
| John R. Williams & Associates, LLC | Law Offices of Norman A. Pattis, LLC |
| 51 Elm Street | 649 Amity Road, P.O. Box 280 |
| New Haven, CT 06510 | Bethany, CT 06524 |
| Fax:  (203) 776-9494 | Fax:  (203) 393-9745 |

_____
Nancy F. Myers

11
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275    FACSIMILE (203) 782-0278

W:\16000-16999\16560 TOWN OF EAST HAVEN\030 JANE DOE VS. BOE TITLE IX\PLEADINGS\2006\SUPPLEMENTAL BRIEF 2-06.DOC