

NHCT
02-cv-780
Droney

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand and six.

PRESENT:

> JON O. NEWMAN
> JOSÉ A. CABRANES
> ROBERT D. SACK
> *Circuit Judges*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JANE DOE, suing by and on behalf of her minor daughter, "A.N.,"

    *Plaintiff-Appellee,*

  v.            No. 05-2709-cv

EAST HAVEN BOARD OF EDUCATION,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

APPEARING FOR APPELLANT:  NANCY A. FITZPATRICK-MEYERS (Hugh F. Keefe, *on the brief*), Lynch, Traub, Keefe & Errante, New Haven, CT

APPEARING FOR APPELLEE:  JOHN R. WILLIAMS, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*).

1

A TRUE COPY
Thomas Asreen, Acting Clerk

by _____
Deputy Clerk

CERTIFIED:  11/9/2006

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and hereby is AFFIRMED.

Plaintiff-appellee Jane Doe ("Doe"), suing by and on behalf of her minor daughter "A.N.,"[*] brought this action pursuant to Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* Doe alleged that A.N. suffered student-on-student sexual harassment after reporting that she was the victim of an off-campus rape by two other students at East Haven High School, and that defendant-appellant East Haven Board of Education ("the Board") acted with deliberate indifference in response to the harassment, thereby depriving her of access to educational opportunities and benefits. Following a jury verdict in favor of Doe awarding her $100,000, the District Court denied the Board's Renewed Motion for Judgment as a Matter of Law and Motion to Set Aside the Verdict, and entered final judgment, which included attorney fees and costs. The Board appeals. We assume the parties' familiarity with the underlying facts and procedural history of this case.

In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the Supreme Court held that, under Title IX, student-on-student sexual harassment creates grounds for a private damages action against a federal funding recipient "only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities" and the harassment "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Id.* at 633. On appeal, the Board argues that no reasonable fact-finder could conclude that (1) A.N. suffered harassment because of her sex; (2) school authorities had actual knowledge that A.N. suffered harassment because of her sex; (3) the harassment was so severe, pervasive, and objectively offensive that it had the systemic effect of denying her access to educational programs and activities; and (4) school authorities were deliberately indifferent toward the harassment. We disagree.

First, the Board claims that a reasonable fact-finder could not conclude that any harassment suffered by A.N. was based on sex animus, because such harassment "arose instead from the public disclosure of her sexual involvement with the two boys, and from her initiation of criminal charges against them." The Board points out that even Doe testified that the harassment occurred because of the reported rape, not A.N.'s sex. Yet we cannot say that, as a matter of law, the harassment testified to by A.N. would have occurred regardless of her sex. At trial, A.N. testified that, beginning the day after she reported the rape, she was subjected to verbal abuse by other, primarily female, students: "A lot of people were calling me a slut, saying I slept with two boys. Just nasty names. . . . A slut, a liar, a bitch, a whore." On review of a denial of judgment as a matter of law, we "mak[e] all credibility assessments and draw[] all inferences in favor of [the non-moving party]," *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000) (internal quotations omitted). Although we recognize that name-calling

---

[*] Because this case involved the sexual assault of a minor, the District Court allowed plaintiff-appellee to proceed under a fictitious name and to refer to her child by her initials.

in school which implicates a student's sex does not in itself permit an inference of sex-based discrimination, *see Davis*, 526 U.S. at 652 ("Damages are not available for simple acts of teasing and name-calling among school children . . . even where these comments target differences in gender."), we cannot exclude the possibility that such name-calling in the context of a reported rape constitutes sexual harassment. A reasonable fact-finder could conclude that, when a fourteen-year-old girl reports a rape and then is persistently subjected by other students to verbal abuse that reflects sex-based stereotypes *and* questions the veracity of her account, the harassment would not have occurred but for the girl's sex.

Second, although conceding that we must accept A.N.'s testimony that she informed school authorities of the harassment immediately, the Board argues that school authorities could not have had actual knowledge of harassment based on sex, because A.N.'s sex was irrelevant to the harassment. As we stated above, a reasonable fact-finder could conclude that A.N. would not have been subjected to the harassment but for her sex. Accordingly, a reasonable fact-finder could conclude that school officials actually knew that A.N. was being sexually harassed.

Third, the Board contends that the harassment was not so severe and pervasive that it systemically denied A.N. access to educational opportunities and benefits. The Board emphasizes that the harassment lasted at most five weeks, A.N.'s grades did not suffer during the harassment, and A.N. stopped attending at first only one, and then later two, of her five classes, instead spending that time in the guidance office. However, we have found that, even where a Title IX plaintiff's "academic performance does not appear to have suffered" during the alleged sexual harassment but the harassment "simply created a disparately hostile educational environment relative to her peers," the issue of whether the harassment deprived the plaintiff of educational opportunities and benefits is one for the trier of fact. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 748, 750 (2d Cir. 2003). In the instant case, Doe testified that, every day after the reporting of the rape, A.N. would be crying and upset, not only because she would see her rapists at school, but because of the name-calling. Accepting this testimony as true, and considering it in conjunction with A.N.'s repeated absences from class, we believe that a reasonable fact-finder could conclude that A.N. was subjected to a disparately hostile educational environment that deprived her of educational benefits and opportunities.

Finally, the Board argues that no reasonable fact-finder could conclude that school authorities were deliberately indifferent to the harassment, because, *inter alia*, A.N. was allowed to miss class and work in the guidance office, was offered a private room in the guidance office when she felt uncomfortable with other students there, was offered full home-bound instruction or a security-guard to accompany her whenever she was in school, and was offered free psychological counseling and evaluation. Additionally, approximately five weeks after A.N. reported the rape, whenever A.N. made a specific claim of name-calling, school authorities would call in the accused students and their parents for meetings, at which East Haven police officers were sometimes present to emphasize that such behavior had to stop. "[F]unding recipients are deemed 'deliberately indifferent' to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the

3

known circumstances." *Davis*, 526 U.S. at 648.  Although there is no "Title IX right to make particular remedial demands," *id.*, a reasonable fact-finder could conclude that East Haven school authorities acted in a clearly unreasonable fashion, where the alleged victim of a rape complained of verbal harassment based on her sex and related to the rape for five weeks before authorities took concrete action to get the perpetrators of the harassment to stop.

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.


FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By

4